McCORMICK *et al v.* BAILEY *et al.*

In an action for a trespass upon land, alleged by the complaint to be in the possession of the plaintiff at the time of the unlawful entry thereon by the defendants, it is not a sufficient *traverse* of the allegation of possession for the defendants to aver in their answer, that to the best of their information and belief they did not commit the grievance upon any land in the lawful possession of plaintiffs.

The lessor of plaintiffs is a competent witness in an action for a trespass to the leased premises, where the lease does not bind him to protect the plaintiff against trespassers.

APPEAL from the District Court of the Tenth Judicial District, County of Sutter.

This was an action to recover possession of a tract of land, and for damages.

The complaint, which was verified, alleges that on the eighth day of January, 1856, Gerratus Revere took up and located, un-

McCormick *v.* Bailey.

der the provisions of the Swamp and Overflowed Land Act, two quarter sections of land. The complaint alleges in detail the performance, on the part of Revere, of the requirements of the act. On the eleventh of August, 1856, Revere sold and conveyed all his interest in said land to A. D. Artney, who, on the twenty-second day of November, 1856, sold and conveyed to John P. Kirwan. On the seventeenth day of February, 1857, Kirwan leased the said premises to plaintiffs by the following instrument of writing:

"This indenture, made the seventh day of February, 1857, between J. P. Kirwan, of the city of Marysville, county of Yuba, and State of California, of the first part, and Thomas Hardy and Edward McCormick, of the same place, of the second part, witnesseth : that the said party of the first part hath leased, and by these presents doth lease unto the said parties of the second part, all those certain pieces or parcels of land known * *, with the appurtenances, for the term of eight months, from the seventeenth day of February, 1857, at the rent or sum of five hundred dollars for the above-mentioned term of eight months, to be paid on the first day of July, A. D. 1857. And it is agreed, that if any rent shall be due and unpaid, or if default shall be made in any of the covenants herein contained, then it shall be lawful for the said party of the first part to re-enter the said premises, and to remove all persons therefrom. And the said party of the second part covenant to pay to the said party of the first part, the said rent as herein specified. And that at the expiration of the said term, the said parties of the second part will quit and surrender the premises hereby demised, in as good state and condition as reasonable use and wear thereof will permit, damages by the elements excepted. And the said party of the first part doth covenant that the said parties of the second part, on paying the said rent and performing the covenants aforesaid, shall and may peaceably and quietly have, hold, and enjoy the said demised premises for the term aforesaid.

"In witness whereof, the parties hereto have interchangeably set their hands and seals the day and year first above written.

"J. P. KIRWAN,          [L. S.]
"THOMAS PARDY,          [L. S.]
"EDWARD McCORMICK.      [L. S.]

"Signed, sealed, and delivered in presence,      E. DUPRE."

Under this lease, plaintiffs entered into possession of the land, and were in possession on the nineteenth day of May, 1857, when defendants entered, drove plaintiffs off, and commenced cutting and carrying away the crop of hay growing on said land, which constitutes its chief value. Complaint prays judgment for the possession of the land, for $500 damages, and for an injunction

to restrain defendants from cutting and carrying away the hay.

The defendants in their answer say "that according to the best of their information and belief, the said plaintiffs and their lessors are not and never have been the actual owners of said land as charged." "And said defendants further say, to the best of their information and belief, they did not, on the nineteenth day of May, 1857, or at any other time, commit the grievances alleged in the complaint, upon any land in the lawful possession of plaintiffs."

On the trial, J. P. Kirwan, the plaintiffs' lessor, was sworn, and testified on behalf of plaintiffs. The defendants objected to the competency of Kirwan, on the ground of his liability, as shown by said lease. The Court overruled the objection of defendants, and they excepted. The testimony of Kirwan was material.

The cause was tried before a jury, who returned a verdict for the plaintiffs for restitution of the possession of the premises, and $150 damages. Judgment was duly entered thereon, and defendants appealed.

*Z. Montgomery* for Appellants.

The Court erred in allowing Kirwan, the lessor of plaintiffs, to be examined as a witness on behalf of plaintiff. Jackson *v.* Ogden, 4 John., 140.

*Charles Lindley* for Respondents.

There was no error in admitting Kirwan as a witness. There were no covenants in the lease which would make him liable, and he had no interest which would disqualify him as a witness.

BURNETT, J.—This was an action to recover the possession of land, and for damages. In their complaint, the plaintiffs allege actual possession in themselves. The complaint was verified, and the specific facts alleged to constitute title are not sufficiently denied in the answer to raise an issue. It is unnecessary, however, to decide whether the facts, as alleged, constitute a title sufficient to maintain this action as against mere trespassers, as there is no sufficient denial, in the answer, of the allegation of actual and peaceable prior possession. (Curtis *v.* Richards and Vantine, 9 Cal., 33; Humphreys *v.* McCall, Ib., 59.)

By the answer, there are but two issues properly made: *first,* that the premises were swamp and overflowed lands; *and, second,* the amount of the damages. The first issue it was unnecessary to determine, as the actual and peaceable possession of the premises by plaintiffs, at the time of the entry of defendants, was not properly denied. And as to the amount of damages, there was ample testimony. There was no error in admitting the testimony of Kirwan, the lessor of plaintiffs, as the objection

to his testimony was *expressly* based upon his liability, as shown by the lease, when the lease did not bind him to protect the plaintiffs against trespassers. Had the counsel based his objection to the admission of this testimony upon the ground that Kirwan would have an interest in the judgment as evidence for him in any future suit he might have with defendants in reference to the same premises, then it would have presented another question. Whether a judgment in an action to recover the possession of land, under our Code, would be a bar to another action involving the same title, between the same parties, in reference to the same premises, it is not necessary in this case to determine.

We see no error in the decision of the Court below, and the judgment is, therefore, affirmed.

TERRY, C. J.—I concur, for the reason, that as the answer contained no sufficient denial, either of plaintiffs' title or possession, the only issue before the jury, on which it was necessary to introduce proof, was as to the amount of the damages, and in this question plaintiffs' lessor had no interest.