JUDGE HARDIN
delivered the opinion oe the court.
This appeal brings up for revision the final judgments of the court below in two actions affecting the rights of the appellants, which were at one time consolidated and pending together. The first of these actions was a suit in equity, instituted in 1858 by E. A. Marons, as the acting executrix of James O’Bannon, deceased, against the executors, devisees, and heirs of Robert Porterfield, deceased, late of Virginia, >for a claim of two hundred dollars, for which an order of attachment was issued and levied on a tract of one thousand two hundred acres of land which said Porterfield owned at the time of his death, and disposed of by his will — part of the defendants being *694 proceeded, against as non-residents, and others as unknown owners of the land.
A judgment was rendered in October, 1868, as the record purports to show, sustaining the attachment; and under that judgment four hundred acres of the land were sold, and purchased by J. M. Bigger; and on the 11th of March, 1869, Rebecca F. Kinney and various others, claiming to be interested in the land under the will of Robert Porterfield, deceased — part of whom were proceeded against in the first action and part were not— brought the second suit referred to for the purpose of reviewing the foi’mer one, and vacating the judgment and sale to Bigger, for' alleged errors and irregularities in the proceedings as to those who were defendants, and their invalidity as to others interested in the land, and for fraud, vitiating the judgment and sale; the petition controverting the claim in favor of O’Bannon’s estate, and the right of action against the devisees of Porterfield, on several grounds.
Afterward the following orders were made in the suit of O’Bannon’s executrix against Porterfield’s executors, &c. :
September 8, 1868. “The heirs and devisees of Robert Porterfield appeared by their attorney, and on motion of P. D. Yeiser, Esq., and for cause shown, ordered that this cause be re-instated on the docket.”
September 10, 1868. “The defendants, the heirs and devisees of Robert Porterfield, deceased, appeared by their attorney, P. D. Yeiser; and, on the motion of said attorney, ordered that he be entered as security for costs for the said defendants, the heirs and devisees of Robert Porterfield, deceased. ’Whereupon the defendants produced a demurrer herein, and on their motion the same is ordered to be filed. On the further motion of the defendants, Robert Porterfield’s heirs and devisees, ordered that *695 the suit of Rebecca F. Kiuney, &c. against James O’Ban-non’s executrix, &c., be consolidated with this cause, and both heard together, and that said petition of Rebecca F. Kinney be taken as the answer of the defendants, the heirs and devisees of Robert Porterfield, deceased, to the original and amended petition in this action of James O’Bannon’s executrix against Robert Porterfield’s executors, Ac.”
And September 18, 1868, in the two eases, the following order was entered:
“This day came the plaintiffs by their attorney, and on their motion it is ordered that the order made on a former day of this term of this court to re-instate and consolidate these actions be now set aside; to which Robert Porterfield’s heirs, &c., by attorney, entered their exceptions.”
Afterward, March 11, 1869, the defendants in the pending suit of Porterfield’s heirs and devisees filed a demurrer to the petition and several amendments which had been filed thereto, and the court sustained the demurrer and dismissed the action; and this judgment, as well as the last order in the two suits after their consolidation, is complained of as erroneous.
The action of the lower court in setting aside the order re-instating the first suit upon the docket presents the first question to be determined on this appeal. Five years not having elapsed since the date of the judgment in that action, and the defendants having been only constructively summoned, and not having before appeared, the right of any one or more of them to appear and have the action retried, and, upon “securityfor the costs being given,” to be admitted to make defense to the action, was expressly conferred by section 445 of the Civil Code; and although the orders which were made upon the appearance of the *696 defendants were somewhat informal, we regard them as sufficient to open the case for preparation and trial, as if no judgment had been rendered. But it is argued for the appellees that the orders were erroneous, because the costs were not properly secured, and the court, having power over the orders during the same time, rightly set them aside.
Waiving inquiry as to the apparent hardship and irregularity of a peremptory order, virtually dismissing the action for the insufficiency of a security for costs, which had been accepted by the court without objection, without the usual rule to inquire into the validity of the recognizance taken, or to allow the defendants to give the requisite security in a different form, we are of the opinion that the undertaking of record by Yeiser was obligatory, and a substantial compliance with the legal requirement of “ security for the costs.” Said section 445 of the Code does not ju’esci’ibe the form of the security for costs required, whether of a bond or recognizance of record.
Recognizances of record, in civil as well as criminal proceedings, when taken as security, and not inconsistent with any law prescribing the form of such security, were treated as valid at the common law, and have been repeatedly recognized as obligatory by this court. (Hamilton v. Caruth, 3 Mon. 212; McClure v. McKee, 14 B. Mon. 263.).
The undertaking of Yeiser might have been enforced by summary proceedings, like the liability of a proohein amy, or of an attorney in certain eases, or by an ordinary action. We are of the opinion therefore that the order complained of was erroneous.
As to the judgment dismissing the last suit on demurrer — although, for some of the causes stated in the petition, the' appropriate remedy of such of the plaintiffs *697 as were parties to the first suit seems to have been by proceeding under the provisions of chapter 1 of title 10 of the Code — the original and amended petitions seem to us to sufficiently allege grounds for vacating the judgment for the sale of the land, according to subdivisions 4, 5, and 6 of section 579 of the Code, for which it was proper to proceed by petition under section 581.
Moreover, the averments of fraud, and some other grounds alleged for setting the sale aside, were, we think, sufficient to constitute a cause of action for that purpose. It is not deemed necessary now to decide as to the sufficiency of each particular ground alleged by the plaintiffs for relief, as the defense and preparation of the cause may restrict the issues finally to be tried to a few only of the questions which have been suggested in the argument with reference 'to the decision of the court below on the demurrer of the appellees. We regard that decision as erroneous for the reasons we have indicated.
Wherefore the judgment setting aside the order reinstating the case of O’Bannon’s executrix v. Porterfield’s executors, &c., upon the docket, and also the judgment dismissing the suit of Kinney, &c. v. O’Bannon’s executrix, &c., are reversed, and the causes are remanded for further proceedings not inconsistent with this opinion.