Savage v. Aiken.

CHARLES A. SAVAGE, PLAINTIFF IN ERROR, V. JONAS
B. AIKEN, DEFENDANT IN ERROR.

**Practice:** OPENING JUDGMENT. The relief provided for by sec. 82,
title IV, part II. of the Compiled Statutes, is a right earned by
the defendant, by claiming the same, and doing the things
therein required of him within the time limited by statute,
and is not a question of power on the part of the court.

ERROR to the district court for Gage county. Heard
below before WEAVER, J..

*E. Wakeley,* for defendant in error, cited: *Larne v.
Larne,* 3 J. J. Marsh, 156. *Butler v. Mitchell,* 17 Wis.,
52.

*Colby & Hazlett* (*A. J. Poppleton* with them), for de-
fendant in error, cited: *Smith v. Noe,* 30 Ind., 152. *Hol-
mer v. Campbell,* 13 Minn., 66. *Knox v. Clifford,* 41 Wis.,
458. *Whiting v. Korner,* 44 Wis., 563. *McKnight v.
Livingston,* 46 Wis., 356.

COBB, J.

On the 20th day of December, 1876, Jonas B. Aiken,
plaintiff, recovered a judgment against Charles A. Savage,
defendant, in the district court of Gage county. There had
been an order of attachment in the case, and the defend-
ant's lands attached thereon, but no service in the case other
than by publication in a newspaper, and no appearance in
said cause by the defendant.

On the 15th day of October, 1881, the defendant filed
a motion in said court to have said judgment opened, and
to be let in to defend in said action. He also gave notice
to the adverse party of his intention to make such appli-
cation, and filed a full answer to the petition in said cause.
On the 20th day of said month the following journal entry

was made in said cause, to-wit: "Now on this 20th day of October, 1881, it being the seventh day of the term, this cause came on to be heard, on the application of Charles A. Savage to open the judgment and be let in to defend, and the court, being fully advised in the premises, orders that the plaintiff, Jonas B. Aiken, have ninety days to file counter affidavits and the cause be continued."

The next term of the district court was held in April, 1882. On the first day of the term the plaintiff, Jonas B. Aiken, by attorneys (appearing specially for the purpose of objecting to the jurisdiction of the court, etc.), filed motions and objections supported by affidavit, and on application of defendant he had leave to file counter affidavits in thirty days. And on the 20th day of April, being the eighth day of said term, the court made its final order denying the application of the defendant to open up the said judgment, and the said defendant brings the cause to this court on error.

The provisions of the statute [civil code] under which this relief is sought are as follows:

Sec. 82. A party against whom a judgment or order has been rendered, without other service than by publication in a newspaper, may, at any time within five years after the date of the judgment or order, have the same opened and be let in to defend; before the judgment or order shall be opened the applicant shall give notice to the adverse party of his intention to make such application, and shall file a full answer to the petition, pay all costs if the court requires them to be paid, and make it appear to the satisfaction of the court by affidavit that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense." * * *

The principal question presented by the record in this case is, whether a defendant brings himself within the provisions of the section above quoted by doing the things therein required of him within the five years, so as to en-

Savage v. Aiken.

title him to the relief therein contemplated at the hands
of the court after the expiration of the five years. In
other words, do the words of the section express a question
of right on the part of the applicant, or one of power on
the part of the court. This question is now presented for
the first time to this court, nor can I find that it has been
presented to the court of any state having a statutory pro-
vision like ours. The corresponding provision of the
statute of Wisconsin is in the following words:

"5. * * * If the summons shall not be person-
ally served on a defendant, nor received by such defendant
through the post-office in the cases provided for in this
section, he or his representatives shall, on application and
sufficient cause shown, at any time before judgment, be
allowed to defend the action; and except in actions for
divorce the defendant or his representative may in like
manner, upon good cause shown, be allowed to defend
after judgment at any time within one year after notice
thereof, and within three years after its rendition, on such
terms as shall be just, except in actions for divorce; * *
(Chap. 124, p. 720, R. S., 1858.)

While this section has been twice before the supreme
court of Wisconsin for construction, yet in neither case
did the point now under consideration arise. Before the
adoption of the code, and while the provisions of law of
that state applicable to courts of law and to courts of chan-
cery were different, the following provision applicable to
courts of chancery was in force: * * * "In case any
such absent defendant against whom a decree shall be
made as aforesaid, his heirs, devisees, executors, adminis-
trators, or assigns, as the case may require, shall within
six months after notice be given to him of such decree, or
within three years after such decree shall have been made,
if no notice as aforesaid shall have been given, petition the
court touching the matter of such decree, and pay, or
secure, or cause to be paid, such costs as the court may

think reasonable to order and direct, then and in such case the person aforesaid so petitioning may be permitted to appear and answer the complainant's bill, and thereupon such proceedings shall be had as if such absent defendant had appeared in due season and no decree had been made; or such absent defendant may, within the times aforesaid, file his bill of complaint in the said court for an account and settlement of the amount which was really due and owing to the complainant at the time of the decree, and to compel the said complainant to refund and repay what he may have wrongfully recovered and received, together with costs of suit, the former decree against such absent defendant notwithstanding."    *    *    *

Under this statute, the case of *Berry v. Nelson* was twice before the supreme court. IV. Wis. R., *375, and V. Id., 605, and while the precise question now under consideration was not involved in said cause at either hearing, yet it is manifest that the court held the question of relief under the statute as one of right on the part of the applicant, and not one of power on the part of the court. In the former of the cases, the court by Mr. Justice Smith say: " But we think the positive provisions of the statute leave the court no room for doubt or discretion. It is only by a statutory provision that a non-resident can be made a party to a suit in equity, by publication of notice, and such *quasi* subjection of a party to the jurisdiction must of course be subject to all the modifications, restrictions, limitations, and conditions which the statute prescribes." After quoting the statute, he continues: "It appears from the record, that the defendant *Nelson* was in time, in filing his petition, and though he might have had other remedies of equitable relief at his command, he still had the one prescribed to him by statute, to the full extent which the statute provides, of which he could not be deprived without his own consent."

There is a line of Wisconsin and Minnesota cases cited

by counsel on either side, most, and the later of which, hold that proceedings under section 38, chapter 125, R. S. of 1858 of Wis., and a similar provision of the statute of Minnesota, must not only be commenced, but completed within the time therein limited, or the court loses the power to grant the relief.

The following is the provision referred to, copied from the Wisconsin Statutes:

"Sec. 38. . The court may likewise in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this chapter, or by an order enlarge such time; and may also in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding against him through his mistake, inadvertence, or surprise, or excusable neglect." * * * Sec. 38, chap. 125 Revised Statues 1858. This chapter is entitled "Pleadings in civil actions." This provision is not the corresponding one either by reason of its position in the statute or its object to the provision of our statute under which this proceeding is brought, though it would seem to have been so considered by counsel. This section grants relief to the plaintiff as well as the defendant, and applies to a party who is actually in court. The granting of relief to a party from the effect of his own acts, in open court, and of record, by which he is estopped by the plainest principles of law, may well be regarded as a question of power on the part of the court which can only be exercised within the time limited by statute, while the right to relief by a party who has not been actually before the court, nor had actual notice of the proceeding against him, is earned by his appearing and claiming it, and doing the things required of him by the statute, within the time therein limited, and the power of the court to grant the relief continues until it is exercised.

The order of the district court is reversed, and the cause remanded, with instructions to open the judgment, and that the defendant be let in to defend.

JUDGMENT ACCORDINGLY.