## Josias N. Rogers *vs*. William Hendricks.

### October 20, 1890.

**Order Refusing New Trial Sustained on the Evidence.**—On the pleadings and testimony in this case the only issue was one of fact. On these facts the jury found with the plaintiff, and the verdict cannot be disturbed.

Appeal by defendant from an order of the district court for Ramsey county, *Kerr*, J., presiding, refusing a new trial after verdict of $246.86 for plaintiff.

*H. V. Rutherford*, for appellant.

*T. R. Palmer*, for respondent.

Collins, J.  1. There is absolutely nothing in appellant's assignment of error which relates to the language of the trial court as to what the verdict should be, made as the beginning of its charge to the jury, while erroneously supposing that the cause was to be submitted without argument by counsel.  The sentence was not completed when attention was called to the mistake, and if it were possible for the few words, inadvertently uttered, to have made an impression on the mind of any of the jurors, such impression must have been wholly removed by the statement immediately made by the court.  The charge, when finally given, was also plain and unambiguous upon the point now complained of.  It may also be observed that no exception was taken to the remark which appellant now insists greatly prejudiced his case.

2. Upon the pleadings and the testimony, the principal, if not the only, question to be considered and determined by the jury was as to which of these parties gave a correct version of the transaction which led to this litigation.  The defendant testified that plaintiff was advised that the note of Ickler and Benedict was to be taken in payment for the interest in the real property then held and owned by these parties and one Lambert; that the note would have to be indorsed by each, in order to realize any money from the sale; that the excess—the note being for an amount greater than the sum for

which their interest in the land was to be sold—was to be paid over to one Sweeney; and that plaintiff assented to the entire affair, agreeing, as a condition to his receiving any part of the proceeds of the note, that he would indorse it with defendant and Lambert for the purpose of discounting. Upon the other hand, the plaintiff testified that he never agreed to indorse the note; that he supposed the sale to be for cash; that he never knew to the contrary until after the defendant had discounted the note and obtained the money therefor; and that he only assented to a sale of the land for the price named, upon the urgent solicitation of the defendant, and his express promise that if he (plaintiff) would consent to the sale, his share of the proceeds would be paid over by defendant within 10 days. It was this issue which was presented to the jury by the court in its charge. The appellant did not suggest at any time during the trial, as he does now, that this action could not be maintained until there had been an accounting between the parties, nor did he object or except to that part of the charge wherein the court very properly stated that, if the jury found the facts in respect to plaintiff's promise to indorse to be as claimed by defendant, the former could not recover, but, if they found the facts to be as testified to by plaintiff, their verdict must be in his favor. On the facts involved, the jury found with the plaintiff, and the verdict must be upheld.

In conclusion, it may also be noticed that defendant admitted in his testimony that there was an agreement between the parties that the proceeds of the sale should be proportionately divided at once, and that each was to be liable and responsible for his share of what might have to be paid in the future to one Decker.

Order affirmed.