[S. F. No. 3916. In Bank.—May 23, 1907.]

## W. W. GRAY, Respondent, v. WILLIAM M. LAWLOR, Appellant.

PRACTICE—SERVICE OF SUMMONS BY PUBLICATION—RIGHT OF DEFENDANT TO ANSWER TO MERITS—SETTING ASIDE JUDGMENT.—Under section 473 of the Code of Civil Procedure, providing that ''When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action,'' a defendant served by publication only, on an application made by him to vacate a judgment against him, and to be allowed to answer to the merits, need not present any excuse for his failure to appear except the fact that he was not personally served with the summons. In such a case there is no presumption of knowledge of the proceedings or of inexcusable negligence on his part. If there was any neglect on his part to the injury of the opposite party, which would make it inequitable to grant him the relief, proof of such neglect and of the circumstances causing injury must come from the plaintiff.

ID.—IMPOSITION OF TERMS.—The effect of the qualifying phrase ''on such terms as may be just,'' found in section 473 of the Code of Civil Procedure, is not to give the court power or discretion to

refuse the relief when the statutory conditions, expressed or implied, are met, but merely confers upon it the power, when it finds the defendant entitled to the relief, to consider whether or not the defendant may not have been negligent in a degree amounting to laches or creating an estoppel and whether or not the plaintiff or his successor may not have innocently, on the faith of the judgment, incurred costs or expenses which the defendant in justice should refund, and to impose on the defendant such terms as may be necessary to do complete justice between the parties, or to fix the time for filing the answer and limit and define its character so that it shall be addressed to the merits.

ID.—DEFENSE ON MERITS MUST BE SHOWN—QUIETING TITLE.—From the fact that the relief to be afforded such a defendant is the privilege of answering to the merits of the original action, the condition is implied that he must have a good defense to the action on the merits, and in an application to vacate the judgment he must show that such defense exists. Such defense is sufficiently shown in an action to quiet title to land by affidavits to the effect that the defendant is and at all times mentioned and for more than ten years last past has been the owner of and entitled to the possession of the land described in the complaint.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying the defendant's motion to vacate the judgment and to allow him to answer to the merits of the action. M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

Curtis Hillyer, and H. F. Peart, for Appellant.

W. M. Beggs, for Respondent.

SHAW, J.—This is an appeal from the judgment and from an order after judgment denying the defendant's motion to vacate the judgment and allow him to answer to the merits of the action.

The complaint states a good cause of action to quiet title to a tract of land and the record shows due service of the summons by publication, and a judgment regularly entered. There is no merit in the appeal from the judgment, and it need not be further considered.

The affidavit of the defendant, in support of his motion to be allowed to answer to the merits, stated that during the

times mentioned in the complaint the defendant was the
owner of the property, and that he had not been personally
served with the summons and had no knowledge of the at-
tempted service by publication until within two weeks next
before the filing of the motion. No showing was made of
mistake, surprise, inadvertence, or excusable neglect, as pre-
venting causes for his failure to appear before judgment.
The motion was made about four months after the rendition
of the judgment. The third clause of section 473 of the Code
of Civil Procedure declares that, "When from any cause the
summons in an action has not been personally served on the
defendant, the court may allow, on such terms as may be just,
such defendant or his legal representative, at any time within
one year after the rendition of any judgment in such action,
to answer to the merits of the original action." The clause
preceding this applies to all parties to the action, whether
plaintiff or defendant, who have been personally served with
summons, or who have appeared thereto, and in order for
such party to obtain the relief there provided, he must show
that he failed to make his claim or defense through "his
mistake, inadvertence, surprise, or excusable neglect." No
such showing is required in the case of a defendant served
by publication only. This difference in the requirements shows
the different scope and purpose of the respective provisions.
Under the latter clause the defendant need not present any
excuse for his failure to appear except the fact that he was
not personally served with the summons. It is manifest that
in the majority of cases it would be utterly futile to require
any further showing, for he would be ignorant of the entire
proceeding, so far as any actual notice is concerned. Accord-
ingly it is said that "there is no presumption against him of
lack of diligence in interposing his defense, as in a case where
he was personally served." (*Frankoviz* v. *Ireland*, 35 Minn.
278, [28 N. W. 508].) This is the key to the different effect
of the two clauses. In the case where he is personally served,
if he fails to appear in due time through mistake, surprise,
inadvertence, or excusable neglect, when in fact he had a
good defense, he is required to set forth in his application for
relief the circumstances which caused his lack of diligence.
Where he has had no personal service, there is, with respect
to his right to relief in such cases, no presumption of knowl-

edge or of inexcusable negligence on his part and he is only required to show the lack of personal service. If there was any neglect on his part to the injury of the opposite party, which would make it inequitable to grant him the relief, proof of such neglect and of the circumstances causing injury must come from the plaintiff.

The authorities are uniform to the same effect. With respect to this class of cases Mr. Freeman says: ''On complying with the conditions of the statute, the moving party secures an absolute right to have the judgment opened, which the court has no discretion to deny.'' (1 Freeman on Judgments, 4th ed., sec. 105, p. 154.) In *Frankoviz* v. *Ireland,* 35 Minn. 278, [28 N. W. 508], it is further said that the defendant ''is not required, at least in the first instance, to show that he had not actual notice of the action in season to interpose his defense within the ordinary time.'' The Minnesota statute is substantially the same as our own. Section 125 provides for relief where there is personal service. Section 66 provides that where there is no personal service of the summons, ''On application and sufficient cause shown'' the defendant ''may . . . be allowed to defend after judgment, and within one year after the rendition of such judgment, on such terms as may be just.'' In *Washburn* v. *Sharpe,* 15 Minn. 63, and *Frankoviz v. Ireland,* 35 Minn. 278, [28 N. W. 508], there was some intimation, not necessary to the decisions, that the court had some discretion to refuse such applications. In *Lord* v. *Hawkins,* 39 Minn. 73, [38 N. W. 690], these cases were overruled on this point and the court said: ''It was assumed (in the above cases) that the application is addressed to the discretion of the court. Upon a more careful examination and comparison of the two sections, we are satisfied that herein lies the chief difference between them. The latter section (125) provides that the court may, in its discretion, grant the relief: the other, that the defendant, on application and good cause shown, before judgment, shall be allowed to defend, and may in like manner be allowed to defend after judgment. The section does not—certainly not in terms— leave it to the discretion of the court. A good defense to the action must certainly be considered 'good cause shown.' The construction we place on section 66 is that it provides to the defendant who comes within its terms, and who shows that he

has a good defense, and who has not lost his right by laches, an opportunity to defend as a matter of right, and not of discretion." This case was approved in *Boeing* v. *McKinley,* 44 Minn. 392, [46 N. W. 767], and in *Bausman* v. *Tilley,* 46 Minn. 66, [48 N. W. 459]. The same doctrine has been declared in *Savage* v. *Aiken,* 14 Neb. 315, [15 N. W. 693]; *Albright* v. *Warkington,* 31 Kan. 442, [2 Pac. 614]; *Kinney* v. *O'Bannon,* 6 Bush, 692; *McLean* v. *McLean,* 84 N. C. 366; *Sattelee* v. *Grubb,* 38 Kan. 234, [16 Pac. 475]; *Brown* .v. *Brown,* 86 Tenn. 277, [6 S. W. 869, 7 S. W. 640]; *Snow* v. *Hawpe,* 22 Tex. 168; *Lyons* v. *Robbins,* 46 Ill. 276. In all the states except Minnesota the statutes differ from ours in that they omit the phrase, "on such terms as may be just." This does not change the effect of those statutes in the particular here under consideration. The effect of that qualifying phrase in our statute is not to give the court power or discretion to refuse the relief when the statutory conditions, expressed and implied, are met, but merely confers upon it the power, when it finds the defendant entitled to the relief, to consider whether or not the defendant may not have been negligent, in a degree not amounting to laches or creating an estoppel and whether or not the plaintiff or his successor may not have innocently, on the faith of the judgment, incurred costs or expenses which the defendant in justice should refund, and to impose on the defendant such terms as may be necessary to do complete justice between the parties, or to fix the time for filing the answer and limit and define its character so that it shall be addressed to the merits. (See 15 Ency. of Plead. & Prac., pp. 290, 291.)

From the fact that the relief to be afforded is the privilege of answering "to the merits of the original action," the condition is implied that the defendant must have a sufficient answer to present,—that is, he must have a good defense to the action on the merits. This being one of the conditions of the statute, the defendant must show that such defense exists. The defendant in this case has complied with this rule. He avers in his affidavit that he is now, and at all times mentioned and for more than ten years last past has been, the owner of and entitled to the possession of the property described in the complaint. This, if true, is a complete defense to the cause of action sued on.

There do not appear to have been any circumstances which would constitute laches on the part of the defendant, or which would create an estoppel against him. It is not shown that he had any personal knowledge of the pendency of the action, nor that the plaintiff has suffered or will suffer any injury from the vacation of the judgment, other than that of being compelled to meet the defense that may be made. The defendant states that he had no knowledge of the attempt to serve the summons upon him until a few weeks before instituting proceedings on his motion for relief.

The order is reversed. The court below is directed to set aside the default and judgment and allow the defendant to answer to the merits of the original action, on such terms as may be just. If no further proceedings are had in furtherance of the motion, the judgment will stand affirmed.

Henshaw, J., Angellotti, J., Sloss, J., Lorigan, J., and Beatty, C. J., concurred.