[Civ. No. 930.   Third Appellate District.—April 23, 1912.]

REBECCA E. DAVIDSON, Respondent, v. ALL PERSONS, etc., Defendants; ISABELLE DAVIDSON, Administratrix of the Estate of HALLIE B. DAVIDSON, Deceased, Appellant.

ACTION TO QUIET TITLE UNDER MCENERNEY ACT—MOTION TO VACATE JUDGMENT BY DEFAULT UNDER SECTION 473—ADVERSE CLAIMANT NOT SERVED—TITLE NOT DERAIGNED.—Where a motion to vacate a judgment by default rendered under the McEnerney act of 1906 (Stats. 1906, p. 78), quieting title to four lots, is based upon an affidavit otherwise sufficient under section 473 of the Code of Civil Procedure, to entitle the mover to the relief asked on the ground that the plaintiff knew when the action was commenced that a defendant, now deceased and represented by an administratrix, was a half owner of three of said lots and the whole owner of lot 4 thereof, it is not a ground of objection to such affidavit, as distinguished from a proposed answer, that it does not state the source of the claimant's title.

ID.—EFFECT OF LIS PENDENS UNDER MCENERNEY ACT—SHOWING RE-
QUIRED TO VACATE DECREE—ADVERSE INTEREST AT COMMENCEMENT
OF ACTION.—The notice of *lis pendens* required to be filed under
the McEnerney act must be deemed to apply to all defendants named
or not named. It follows that a defendant not named therein
seeking relief from the judgment under section 473 of the Code of
Civil Procedure must show that he had some interest in the property
involved in the action at the time of the commencement of the
action adverse to that asserted by the plaintiff.

ID.—SUFFICIENT SHOWING OF "VALID ADVERSE INTEREST"—"OWNER-
SHIP."—Under section 473 of the Code of Civil Procedure, it is
sufficient that the affidavit shall state facts sufficient to show that
the claimant had a "valid adverse interest" in the property involved
in the action when it was begun. An allegation of "adverse inter-
est" must necessarily result from an allegation of "ownership"
known to exist by the plaintiff when the action was commenced.

ID.—FALSE AFFIDAVIT OF PLAINTIFF—FINDINGS AND DECREE NOT CON-
CLUSIVE.—Section 5 of the act expressly requires the plaintiff to
make affidavit "that he does not know and has never been informed
of any other person who claims or may claim any interest in . . .
the property adversely to him," and if he discloses the name of such
person, the summons shall be personally served upon such person, if
he can be found in the state, with a copy of the complaint and affida-
vit. The findings and decree should not be held to be conclusive of
the truth of such affidavit if shown to be false and fraudulent, as
against a party not served with summons who asks relief under sec-
tion 473, and directly and unequivocally states that plaintiff knew
at the commencement of the action, and when he took his decree,
that the claimant had an interest in the property.

ID.—STIPULATED ANSWER PROPOSED TO BE FILED AT TIME OF MOTION.—
Where the parties have stipulated that a verified answer set forth
was proposed to be filed at the time of the motion, which distinctly
presents issues of fact as to the ownership of the property, setting
forth the nature and source of the title claimed to have been in
appellant's intestate prior to the commencement of the action, while
it is not made part of the record of the motion, the trial court,
since it was proposed to be filed, might well have considered it under
the circumstances, and should have given it its proper weight in
determining the motion.

ID.—RELIEF TO BE GRANTED TO LEGAL REPRESENTATIVE OF DECEASED DE-
FENDANT.—Section 473 of the Code of Civil Procedure expressly ex-
tends to the legal representative of a deceased defendant the right
"to answer to the merits of the action," and a similar right of
substitution is involved in section 1582 of the same code.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to vacate a judgment by default.   Geo. H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Henry C. Schaertzer, for Appellant.

Stafford & Stafford, H. I. Stafford, and W. P. Caubu, for Respondent.

CHIPMAN, P. J.—Action to quiet title to certain lots in the city and county of San Francisco, under the so-called Mc-Enerney act (Stats. 1906, p. 78). The complaint describes four separate lots.

The summons was served by publication, as provided for in the said act. It does not appear that personal service was made on any defendant, and the judgment recites that no appearance was "made by any defendant"; and "proof having been adduced of all the facts alleged in the complaint and other papers and pleadings on file herein, . . . it is hereby ordered, adjudged and decreed that said plaintiff . . . is the owner in fee simple absolute and in the actual and peaceable possession of the real property hereinafter described, and the whole thereof; that no other person has any interest . . . in or to said real property . . . and that her title thereto be, and the same is hereby established and quieted as against all the world." This judgment was entered and filed on October 27, 1909.

On October 15, 1910, appellant served and filed her notice of motion for an order setting aside said judgment, "based upon all the files, records and papers on file in said matter, upon this notice of motion, and upon the affidavit of Isabelle Davidson, administratrix of the estate of Hallie B. Davidson, deceased."

The affidavit of appellant alleges the death of Hallie B. Davidson to have occurred on December 4, 1909, less than two months after entry of said judgment; her appointment, duly made, as administratrix of his estate, on June 29, 1910, and, as to the interest of said deceased in said lots, states as follows: "That said Hallie B. Davidson, deceased, had an in-

terest in the property hereinafter described at the time of his death and at the time the judgment hereinafter mentioned was rendered in the above-entitled action and still continued to so have said interest in the said property hereinafter described, and that said interest in said hereinafter described property was a half interest in the property described in paragraphs 1, 2 and 3, and that as to the lot described under paragraph marked IV was and is a sole interest, and that he was the sole and only owner of said lot described herein as number IV, all of which facts were fully known to the said plaintiff at the time of the commencement of the above-entitled action, and also at the time said action was heard by said superior court of the state of California, in and for the city and county of San Francisco, and at the time the decree hereinafter mentioned was entered by the above-mentioned court.'' Then follow certain recitals in said decree, not now material, and concluding as follows:

''That the facts stated in the said decree are not true; that the said Rebecca E. Davidson is not the sole and only owner, nor has she any further or greater interest in any part or parcel of said property than a one-half interest in lots set forth and described as Nos. 1, 2 and 3, and that said Rebecca E. Davidson knew at the date of the said judgment and decree that she had no further or greater interest therein than a one-half interest in said lots and no interest whatever in the lot described herein as Lot No. 4.

''That no personal service of summons in the above-entitled action was ever made on Hallie B. Davidson, deceased, and the said Hallie B. Davidson was never personally served with the summons issued in the above-entitled action.

''That the said Rebecca E. Davidson knew at the time of the commencement of said action that the said Hallie B. Davidson claimed an interest in all of the said property hereinabove mentioned, and that he, the said Hallie B. Davidson, was a party in interest in said property, and that he claimed a portion and certain parts of said property as his sole and exclusive property.

''That your affiant has stated all the facts in relation to this matter to her counsel, and has fully and fairly stated to him each and every and all of the matters and things and facts relating thereto, and after such statement her counsel has ad-

vised her that she has a good and meritorious defense to the above-entitled action."

The appeal is from the order denying the motion to vacate and set aside the default judgment. Among the remedial sources of relief which may be resorted to that justice may be furthered, section 473, Code of Civil Procedure, provides as follows: "When from any cause the summons in an action has not been personally served on the defendant the court may allow, on such terms as may be just, such defendant or his legal representative at any time within one year after the rendition of any judgment in such action to answer to the merits of the original action."

*Gray* v. *Lawlor*, 151 Cal. 352, [12 Ann. Cas. 990, 90 Pac. 691], was a case arising under the McEnerney act, where the defendant petitioned to have the default judgment set aside under this section. One of the questions there was the same as the principal question here, namely: Does the affidavit show that the defendant has a good defense to the action on its merits? Said the court: "From the fact that the relief to be afforded is the privilege of answering 'to the merits of the original action,' the condition is implied that the defendant must have a good defense to the action on its merits. This being one of the conditions of the statute, the defendant must show that such defense exists. The defendant in this case has complied with this rule. He avers in his affidavit that he is now, and at all times mentioned for more than ten years last past has been, the owner of and entitled to the possession of the property described in the complaint. This, if true, is a complete defense to the cause of action sued on." We have examined the affidavit filed in that case and find that the defendant made no attempt in his affidavit to deraign title or give its source. All that he deposed to on that subject is stated in the opinion of the court in the language of the affidavit. And, apparently, the averment as to ownership of the property was in itself deemed a sufficient compliance with section 473, and not only justified but required the vacation of the default judgment. There were some averments in the affidavit as to the long-continued residence of the defendant in the city and county of San Francisco and to his being well known there and that his name was in the city directory, but these facts seem not to have influenced the decision. Re-

spondent contends that the affidavit in the present case was insufficient because it does not state the source of the title claimed to have been in Hallie B. Davidson; that the affidavit should show at least the facts required to appear in plaintiff's affidavit. This may be true of the answer, but the affidavit on this motion is not made under the McEnerney act, but under section 473 of the Code of Civil Procedure, and, if something more than appeared in *Gray* v. *Lawlor* is to be required in the affidavit, the rule must come from the court that decided that case. Respondent cites *Hoffman* v. *Superior Court,* 151 Cal. 386, [90 Pac. 939], where the court, referring to section 473, stated that the defendant must show facts "constituting a good defense to the proceeding—that is, facts sufficient to show that he has a valid adverse interest in the property." And it is hence claimed that the affidavit was insufficient. The two cases cited were decided about the same time—*Hoffman* v. *Superior Court* following *Gray* v. *Lawlor*—and the earlier case is cited as authority for the statement found in the later case. We discover nothing in the Hoffman case inconsistent with or changing the rule stated in *Gray* v. *Lawlor*. A "valid adverse interest" must necessarily result from an allegation of ownership.

Section 11 of the act provides that the judgment rendered in all such actions "shall be binding and conclusive upon every person who, at the commencement of the action, had or claims an interest, right, title or estate in and to said property or any part thereof, and upon every person claiming under him by title subsequent to the commencement of the action." Respondent makes the point that the affidavit fails to state that defendant's intestate had any interest in the property at the commencement of the action. A *lis pendens* was filed with the complaint, the effect of which was to impart constructive notice of the pendency of the action to subsequent purchasers and encumbrancers, but, as the section provides, "only of its pendency as against parties designated by their real names." (Code Civ. Proc., sec. 409; see, also, secs. 479, 1908.) Section 9 of the McEnerney act requires a notice of the pendency of the action to be filed "at the time of filing the complaint," but does not state its effect. It must be assumed, we think, that the legislature intended the notice to be the notice referred to in section 409 and that the same effect

is to be given to it as in other cases where it may properly be filed. It is true that the defendants were not "designated by their real names," nor was anyone so designated. But the very exigency which gave rise to the act required that all persons having any interest in the property should be made defendants by the general designation of "All Persons," etc., and, being thus designated, the court acquired jurisdiction of the person upon publication of the summons. Unless it be held that all persons having or claiming to have an interest in the property are subject to the operation of the notice of the pendency of the action, any person, not designated by his real name, could assert an interest acquired a day short of a year after judgment, and, under section 473, have the judgment vacated, and the provisions of the statute that the judgment shall be binding and conclusive upon every person who at the commencement of the action had or claimed any estate or interest in the property, would be shorn of all their force. Indeed, appellant contends that "Hallie B. Davidson, whom the affidavit shows to have had his interest at the time of the rendition of the judgment, could have acquired that interest subsequently even to the rendition of the judgment from one of the defendants who was not personally served, and still have had a right to move for and obtain a vacation of the judgment." We cannot accept this view of the statute.

In the case of *Gray* v. *Lawlor*, 151 Cal. 352, [12 Ann. Cas. 990, 90 Pac. 691], the plaintiff showed in his affidavit that he was the owner of the property at the commencement of the action and for some time prior thereto. The purpose of the act is to enable titles existing at the time the action is commenced to be quieted against the claims of all persons. That all persons claiming an interest in the property may be brought in by publication of summons, without personal service, and the title of the plaintiff conclusively decreed to be free from the claims of the whole world as of the date of the commencement of the action, has been settled by our supreme court. (*Title etc. Co.* v. *Kerrigan*, 150 Cal. 289, [119 Am. St. Rep. 199, 8 L. R. A., N. S., 682, 88 Pac. 363].) Speaking of the substituted service by which all persons are made defendants, the court said: "Where, as here, the summons describing the nature of the action, the property involved, the name of the plaintiff and the relief sought, is posted upon

the property, and is published in a newspaper for two months, and a *lis pendens* containing the same particulars is recorded in the recorder's office and entered upon the recorder's map of the property, we cannot doubt that, so far as concerns possible claimants, who are not known to plaintiff, the notice prescribed by the act is as complete and full as, from the nature of the case, could reasonably be expected." It seems to us that we must, in order to preserve the integrity of the act, give to the *lis pendens* the same effect to all defendants, whether named or not named, and, doing so, a defendant, seeking relief under section 473, must show that he had some interest in the property at the commencement of the action, adverse to that asserted by the plaintiff.

Appellant claims that such an interest appears from her affidavit by necessary implication to have existed in her intestate. It is averred in the affidavit that appellant's intestate was the owner of a certain interest in the property at the time the judgment was rendered, "all of which facts were fully known to the said plaintiff at the time of the commencement of the above-entitled action, and also at the time the said action was heard by said superior court, . . . and at the time the decree hereinafter mentioned was entered by the above-entitled court." It is further averred: That plaintiff "knew at the time of the commencement of said action that the said Hallie B. Davidson claimed an interest in all of the said property hereinabove mentioned, and that he, the said Hallie B. Davidson, was a party in interest in said property, and that he claimed a portion and certain parts of said property as his sole and exclusive property." The implication contended for may not clearly appear, although there is some force in the suggestion that if plaintiff knew at the commencement of the action that Davidson had an interest in the property, he must then have claimed an interest therein. However this may be, it would seem to us unconscionable to deny the motion in view of the facts alleged. Section 5 of the act requires that the plaintiff shall make affidavit, "fully and explicitly setting forth and showing" certain facts, and, among them: "(3) That he does not know and has never been informed of any other person who claims or who may claim, any interest in, or lien upon, the property or any part thereof, adversely to him, or, if he does know or has been informed of any such

person, then the name and address of such person"; and section 6 provides that, "if the said affidavit discloses the name of any person claiming an interest in, or lien upon, the property adverse to the plaintiff, the summons shall be personally served upon such person if he can be found in the state, together with a copy of the complaint and a copy of said affidavit." We do not think the findings and decree should be held to be conclusive of the truth of the affidavit as against a person not served who asks relief under section 473, and directly and unequivocally states in his affidavit that the plaintiff knew at the commencement of the action and when he took his decree that affiant had an interest in the property. It appears by the stipulation of the parties that "Isabelle Davidson, administratrix as aforesaid, submitted and placed in the hands of the court the hereunto attached answer, which she requested in said motion to be allowed to file." This answer is verified and distinctly presents issues of fact as to the ownership of said property, setting forth the source and nature of the title claimed to have been in appellant's intestate prior to the commencement of the action. The notice of the motion did not specifically refer to this answer, but it is in the record and was before the trial court when the motion was heard and appellant in her motion requested leave to file it. While strictly not made a part of the record on the motion, the learned trial court might well have so considered it, and, under the circumstances, we think should have given it its proper weight in determining the motion. But, irrespective of this consideration, we are clearly of the opinion that appellant presented facts sufficient to show that she had a good defense to the action on its merits and that her motion should have been granted.

Section 473 expressly extends to "the legal representative" of the defendant the right "to answer to the merits of the action." (See, also, Code Civ. Proc., sec. 1582.)

The order is reversed.

Hart, J., and Burnett, J., concurred.