[Civ. No. 1329. First Appellate District.—January 30, 1914.]

## A. R. BROWN, Respondent, v. MANUEL MARTIN, Appellant.

JUDGMENT—OPENING DEFAULT—DISCRETION OF COURT—REVIEW ON APPEAL.—The action of a trial court, upon an application to set aside a default and grant relief from the judgment based thereon, rests so largely in the discretion of that court that its action in refusing to grant the application will not be disturbed on appeal, unless the record clearly shows that such discretion has been abused.

ID.—RELIEF FROM DEFAULT—LIBERALITY OF PRACTICE UNDER SECTION 473 OF THE CODE OF CIVIL PROCEDURE.—Trial courts should be liberal in the application of the remedial provisions of section 473 of the Code of Civil Procedure to litigants in default, to the end that causes may be presented and tried upon their merits; and where the parties in default have appeared promptly, apparently in

good faith, and have tendered proper pleadings, raising issues going to the merits of the action, applications to set aside their default arising from their excusable neglect ought to be granted.

Id.—Default Against Foreigner—Refusal to Open—Absence of Defense on Merits.—It ·is not an abuse of discretion to refuse to set aside a default in an action for forcible entry and unlawful detainer, notwithstanding the defendant is a foreigner without ability to read or write English and appears promptly and shows that his default occurred through his ignorance of the importance of the precise date of service of process upon him, where there is no showing that he possesses or pleads a sufficient defense to the action upon the merits.

Id.—Forcible Entry and Detainer—Pleading—Insuffiency of Answer to Tender Issue.—Where the complaint in an action for forcible entry and unlawful detainer alleges that on a certain date the plaintiff was in the peaceable possession of certain land, and that on that date the defendant, forcibly, unlawfully, and wrongfully entered upon and has since retained possession of the premises, and the answer admits the taking and holding of such possession, but denies that the defendant did so "forcibly, unlawfully or wrongfully," these adverbial forms of denial are not sufficient to tender any issue as to the rightfulness or legality of the defendant's entry.

Id.—Prior Peaceable Possession of Plaintiff—Answer—Denial upon Want of Information and Belief.—A denial, upon want of information and belief, of the averment of the prior peaceable possession of the plaintiff, is insufficient. The defendant in an action for forcible entry and unlawful detainer, being charged with notice and put upon inquiry as to the possession of and right of possession in and to the property he is invading, cannot in such action predicate his denial of the plaintiff's alleged peaceable possession upon his want of information and belief.

Id.—Entry Under Claim of Right—Answer—Insufficient Showing.—An allegation in the answer in such action that the defendant bought the pasture upon the premises from some person, whom he names, but does not show to have had any interest in the premises or any right to dispose of its pasture or possession, fails to show entry upon any sufficient claim of right.

Id.—Default Judgment—Relief from After Satisfaction.—The fact that a default judgment is satisfied before application is made to set aside the default does not bar the remedy.

APPEAL from an order of the Superior Court of Fresno County refusing to set aside a default. Geo. E. Church, Judge.

The facts are stated in the opinion of the court.

Burns & Watkins, and John G. Covert, for Appellant.

Everts & Ewing, for Respondent.

RICHARDS, J.—This is an appeal from an order denying the motion of appellant to set aside a default and relieve him from a judgment by default. The action is for forcible entry and unlawful detainer. The complaint was filed and the summons issued and served on the defendant on October 18, 1912. The summons contains a provision directing the defendant to appear and answer within three days after service, or that judgment will be taken against him. The defendant did not so appear, and on October 22, 1912, the plaintiff procured his default to be taken and judgment to be entered against him for the restitution of the premises and for the sum of three hundred and seventy dollars damages, and for costs. On October 22, 1912, after such default and judgment, the defendant undertook by counsel to serve and file a demurrer, and then for the first time learned of such default and judgment. He immediately and on that day gave notice of a motion to set aside the default and judgment, and presented with said notice of motion several affidavits of defendant and his counsel tending to show mistake, inadvertence, and excusable neglect in permitting said default; and also presented and offered for filing his demurrer and answer. The affidavits of defendant and his counsel set forth that the defendant had been actually served with process on Friday, October 18, 1912; that the defendant is a Portuguese sheep-owner and herder who is unable to read or write; that on Monday, October 21, 1912, he brought the papers with which he had been served to the office of his counsel, and then and there informed them, by mistake, that the papers had been served upon him on Saturday, October 19, 1912, which mistake arose innocently and through his ignorance and inadvertence and want of understanding of the importance of the precise date of service; that his counsel relied upon this statement, and made ready the papers for defendant's appearance on October 22, when they found, too late, that their client's default had been taken and a judgment entered against him. Upon the hearing of the

motion the plaintiff presented the counter affidavit of one of
the attorneys for plaintiff, who deposed to having been pre-
sent àt a street conversation between the defendant and one of
his attorneys on October 23, 1912, in which the defendant
asserted that he had told his attorneys at the time he brought
the papers to them that they had been served upon him on the
eighteenth day of October. This affidavit was not disputed by
any counter affidavit on the part of the defendant at the hear-
ing of the motion. The court denied said motion, and from
its order in that respect this appeal has been taken.

It is a· well settled rule that the action of the trial court
upon an application to set aside a default and grant relief
from the judgment based thereon, rests so largely in the dis-
cretion of that court that its action in refusing to grant such
application will not be disturbed unless the record clearly
shows that such discretion has been abused. (*Williamson* v.
*Cummings,* 95 Cal. 652, [30 Pac. 762] ; *Harbaugh* v. *Honey
Lake etc. Co.,* 109 Cal. 70, [41 Pac. 792] ; *Ingrim* v. *Epperson,*
137 Cal. 370, [70 Pac. 165] ; *Staley* v. *O'Day,* 22 Cal. App.
149, [133 Pac. 620].)

It has also been. held in numerous cases that trial courts
should be liberal in the application of the remedial provisions
of section 473 of the Code of Civil Procedure, to litigants in
default, to the end that causes should be presented and tried
upon their merits; and in this connection and in recent cases
the courts of last resort have gone far in holding that where
the parties in default have appeared promptly, apparently
in good faith, and have tendered proper pleadings, raising
issues going to the merits of the action, applications to set
aside their default arising from their excusable neglect ought
to be granted. (*Mitchell* v. *California etc. S. S. Co.,* 156
Cal. 576, [105 Pac. 590] ; *Jergins* v. *Schenck,* 162 Cal. 747,
[124 Pac. 426] ; *Broderick* v. *Cochran,* 18 Cal. App. 202, [122
Pac. 972] ; *Davidson* v. *All Persons,* 18 Cal. App. 723, [124
Pac. 570] ; *Nicoll* v. *Weldon,* 130 Cal. 667, [63 Pac. 63], and
cases cited.)

In the case at bar it may be conceded that the affidavits
presented upon the hearing of the motion tended very
strongly to support the view that the defendant and his coun-
sel were acting in good faith in the premises, and that the
failure to appear within the time limited by the summons was

due to the fact that the defendant was an ignorant Portuguese who neither read nor wrote in English, and who did not appreciate the importance of precise dates under summary proceedings in forcible entry and unlawful detainer, and hence honestly, though ignorantly, misled his counsel as to the true date of the service of process upon him. Under such circumstances, if the defendant appears promptly with a motion to set aside the default, and with an affidavit of merits or verified answer sufficient in form and substance to present the showing of a substantial defense to the action upon the merits, it would be more consistent with a liberal application of the section of the code in question to grant than to deny such motion; especially if it appears that the plaintiff will not suffer any material injury or inconvenience from the delay incident to the trial of the cause upon its merits. When, however, the record in the case at bar is examined it will be found that while the defendant did appear promptly, and did make a showing indicating that his default occurred through his inadvertence and excusable neglect, it also quite clearly discloses that the defendant neither possessed nor pleaded a sufficient defense to the action upon the merits.

The complaint alleges that the plaintiff on a certain date and for five days prior thereto was in and was entitled to the peaceable possession of a certain section of land in Fresno County; and that on the date mentioned the defendant forcibly, unlawfully, and wrongfully entered upon and took and has since retained possession of said premises, to the damage of plaintiff in a stated sum. The answer of the defendant admits the taking and holding of such possession; but denies that he did so "forcibly, unlawfully or wrongfully." These adverbial forms of denial are not sufficient to tender any issue as to the rightfulness or legality of the defendant's entry upon the premises in question.

The answer of the defendant also undertakes to deny the plaintiff's averment of his prior peaceable possession, basing such denial upon the defendant's want of information or belief. A denial of the alleged peaceable possession of premises cannot be predicated upon the want of information and belief in a defendant encroaching thereon without a show of right. All real property is presumed to be in the possession of some one; and every person encroaching upon such possession must

be held to have notice thereof and to be thereby put upon inquiry as to the claim of right upon which such possession rests. The defendant in an action for forcible entry and unlawful detainer, being thus charged with notice and put upon inquiry as to the possession of and right of possession in and to the property he is invading, cannot in such action predicate his denial of the plaintiff's alleged peaceable possession upon his want of information and belief. (Washburn on Real Property, 6th ed., sec. 2201; *McCormick* v. *Bailey*, 10 Cal. 230; Sutherland on Code Pleading, sec. 472.)

Furthermore, the defendant herein fails in his answer to base his attempted entry upon the premises in question upon any sufficient claim of right. His allegations in that respect are that he bought the pasture thereon from some person whom he names, but does not show to have had any interest in the premises, or any right to dispose of its pasture or possession. The only remaining denials of the defendant's proffered answer refer to the plaintiff's claim of damages. The complaint avers the rental value of the land to be three hundred dollars, and also avers that the plaintiff was damaged by the unlawful acts of the defendant in driving a large band of sheep upon the land and destroying its pasture, in the sum of three hundred dollars. The answer denies that the rental value of the premises is three hundred dollars, or any greater sum than twenty dollars, and denies that the plaintiff suffered any damage from the ingress of his sheep; but the defendant also in his answer expressly admits that he drove his sheep upon the land and that they did eat off its pasture; and also expressly avers that he had paid the person from whom he claims to have bought the right of pasture the sum of two hundred and twenty-four dollars for the same. It is difficult to see how, in view of these admissions on the part of the defendant, he could have resisted a motion for judgment on the pleadings for his eviction and for actual damages in at least the sum of two hundred and twenty-four dollars, which damages, under the sections of the code governing such actions, could have been trebled. The plaintiff in point of fact was given judgment for three hundred and seventy dollars; and we fail to see how, if this default and judgment had been set aside, and a trial had upon the issues tendered by the defendant's proffered pleading, he could have escaped

the liability of a judgment for a much larger sum than that actually entered against him.

All of these matters were before the court when it denied the defendant's application to be relieved of the default and judgment taken against him; and this being so, we are unable to say that the trial court abused its discretion in refusing to set aside said default and judgment.

It also appears from the record herein that immediately after the entry of the judgment by defendant an execution was issued and placed with an officer for levy, and that such officer at once went out and seized a large number of the sheep of the defendant, which he threatened to drive off and sell by virtue of such execution; and that the defendant, in present, fear of losing his sheep, paid the amount of the judgment to the officer, who straightway proceeded to make return on the execution and satisfy the judgment; and that such judgment had been so satisfied when the motion to vacate the default and judgment was made. The respondent insists that these facts of themselves constitute an answer to this motion; but to this view we do not give our assent upon the authority of *Patterson* v. *Keeney,* 165 Cal. 465, [132 Pac. 1043.]

The order is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.