## ARCHER v. N. S. TUBBS SHEEP CO. et al.

Scavenger Tax Law (Sess. Laws 1901, c. 51) must be strictly construed against one claiming title by a tax purchase thereunder.

Scavenger Tax Law (Sess. Laws 1901, c. 51, § 15) provides that a certificate issued on a tax judgment shall pass to the purchaser, if the land be not redeemed within one year, the estate therein expressed without any other act or deed whatever, and that such certificate may be recorded after one year and after proof of notice of expiration and maturity of the certificate has been filed with the circuit court clerk, provided that the holder of the certificate must, not less than 90 days preceding its maturity, serve personal notice on the owner of the land, etc., of the maturity of the certificate, etc., and that the fee simple shall not vest in the certificate holder until the notice and due proof is filed with the clerk. Section 16 provides that any person wishing to redeem from the judgment sale

may do so within one year from the date of the sale. Section 18 provides that the sale shall be deemed completed when the certificate thereof has been issued by the treasurer. **Held,** that the notice of expiration of the period for redemption must state, as to the date of such expiration, a date exactly one year subsequent to the date of the certificate issued upon the tax judgment, and that where a later date is named than exactly one year subsequent to the certificate it is fatal to title thereunder.

(Opinion filed, May 11, 1910.)

Appeal from Circuit Court, Fall River County. Hon. Levi McGee, Judge.

Action by Williaim Archer, trustee, against the N. S. Tubbs, Sheep Company and others. From a judgment for defendants and an order denying a new trial, plaintiff appeals. Reversed, with directions.

*Martin & Mason,* for appellant. *E. L. Grantham,* for respondents.

WHITING, P. J. This action was brought for the purpose of quieting the title to a large tract of land in Fall River county, this state; the plaintiff claiming title thereto through conveyances from the original patentees of the land, the defendants basing their title upon tax certificates issued by the county treasurer of said Fall River county on a tax judgment sale of said lands had under and by virtue of what is known as the "Scavenger Tax Law" of the year 1901. The case was tried to the lower court without a jury, and the said court made findings and conclusions in favor of the defendants, and decree was entered thereon. The plaintiff having moved for a new trial, and said motion being denied, now appeals to this court from the said judgment and the said order denying a new trial.

But two questions are raised upon this appeal. The first involves a construction of the provision of chapter 51 of the Session Laws of 1901 to determine whether or not the notice of expiration of period for redemption provided by such statute must state, as to date of such expiration, a date exactly one year subsequent to the date of the certificate issued upon the tax judgment, or whether the date named in such notice, as the date for expiration of period of redemption, can be a later date than

exactly one year subsequent to the date of such certificate. The appellant contends that under said chapter 51, supra, the period for redemption under the statute does expire one year from the date of certificate, and that therefore a notice naming any date later than that, as the date for such expiration, does not comply with the statute, and, moreover, is misleading and prejudicial to the owner of the land, in that it might lead him to neglect his right of redemption until the time fixed by statute had expired. The appellant maintains, and we agree with him, that this statute must be strictly construed against the party claiming title under and by virtue of tax purchase under such statute.

The parts of such statute which are material for the consideration of this court are as follows: Part of section 15 of said chapter reading as follows. "Such certificate, in case the land shall not be redeemed within one year, shall pass to the purchaser, the estate therein expressed without any other act or deed whatever. Such certificate may be recorded as deeds of real estate, after one year and after the proof of notice of expiration and maturity of the certificate has been filed with the clerk of the circuit court. Provided however that the holder of any certificate for any piece or parcel of land sold under tax judgment must not less than 90 days preceding the maturity of such certificate serve personal notice upon the owner if he be a resident of the county where such real estate is situated of the maturity of said certificate and if the owner of any such piece or parcel of land is not a resident of the county such notice may be given by publication in some newspaper published in the county where the land is situated for at least three weeks the last publication to be made at least 90 days immediately preceding the expiration and maturity of such certificate at the election of the holder of such certificate the notice may be served upon such owner personally any place in the state or outside the state in the same manner as hereinbefore provided for personal service upon owners residing in the county where the land is situated in lieu of service by publication as aforesaid, and in case the

property covered by such certificate is occupied then service of such notice shall also be made upon the person in possession thereof; that the notice hereinbefore provided for shall be substantially in the following form: Notice is hereby given that the tax certificate numbered ...... held by the undersigned to the following described real estate (describing it) will become absolute unless redeemed before the ........ day of ........ [Signature] ............ Proof of the notice herein provided for must be filed in the office of the clerk of the circuit court prior to maturity of such certificate. The fee simple of any piece or parcel or lot of land named in any certificate shall not vest in the holder thereof until the notice provided for herein is given and due proof thereof filed with the clerk of the circuit court." Section 16 of said law is in part as follows: "Redemption May be Made—When and How. Any person wishing to redeem from the judgment sale may make such redemption at any time within one year from the date of the sale by paying into the treasury of the county for the use of the purchaser at the sale or his assigns. * * *" The last clause of section 18 is as follows: "A sale shall be deemed completed within the provisions of this act when the certificate thereof has been issued by the treasurer."

From the above it appears that sale is complete, not at time of act of sale, but when certificate issues; that for one year from date of certificate the party owning such land may redeem at the office of the county treasurer; that the termination of period for redemption in manner provided by statute absolutely expires at the end of such year, and not as provided in case of redemption from tax sale certificate upon ordinary tax sale proceedings, where, under our statute, it is provided that redemption can be made at any time up to time tax deed issues; that the tax certificate becomes absolute at the end of one year under certain conditions, namely, that the holder of certificate give a notice (the service of which must be completed at least 90 days before the date when statutory period of redemption expires) stating the date of expiration of period of redemption. When we consider that it is only through such notice that the owner may know

when the sale was completed and therefore his year for redemption expires, it must be conceded that it is important that he be rightfully advised. It may be claimed that delay in giving notice and the naming of a date for expiration of redemption later than as fixed by statute is beneficial to the owner and he should not be heard to complain. This position is not tenable, because, first, regardless of whether notice has been given or not, the treasurer could not accept redemption money after one year from date of certificate; second, if there could be a delay of a day, there could be of a year, and the purchaser might purposely delay in order to lull owner to a sense of security or keep him in ignorance in order to get the benefit, after the year expires, of the excessive rate allowed him on his purchase price and on any sums lawfully paid on subsequent liens.

For the above reasons we believe that a purchaser, seeking to acquire title to real property through purchase under this special proceeding unknown to our general tax law, should be held to a strict compliance with the requirements of the statute, and that in case the purchaser does not take the steps necessary to mature his lien into a fee-simple title, and the owner does not, within the period allowed for statutory redemption, redeem from the sale, they should be held to have lost rights of foreclosure or redemption provided by this law and be left, the one with a lien, the other with a right of redemption, either enforceable at law.

Section 1267, Rev. Codes of North Dakota 1899, provides for redemption from tax sale "at any time within three years from day of sale." Section 1289 of such Code provides that the holder of a certificate should, "at least ninety days before expiration of. the time for the redemption of the lands therein described, present such certificate to the county auditor, and thereupon the auditor shall prepare, * * * a notice to the person in whose name such lands are assessed, specifying, * * * and the time when the redemption period will expire." Such section also provides for the giving of notice where the certificate was not filed with auditor until less than 90 days before 3 years from date of sale;

that notice shall be given and period of redemption shall expire 90 days after such notice. It will be seen that this last provision has effect of extending statutory period of redemption under certain circumstances. We have no such a provision in the law now under consideration in case at bar. In the case of State Finance Co. v. Beck, 15. N. D. 374, 109 N. W. 357, the abstract shows that the "Notice When Time for Redemption Expires" was in words and figures as follows:

"Office of the County Auditor. Stutsman County, North Dakota—To J. J. Frey, V. R. Myers, W. H. Peck: Take notice that the holder of the tax certificate for the W. ½ of E. ½ of Sec. 25, Twp. 139, range 63 west, situated in the above county and state, has presented the said certificate to the county auditor and asked for a deed. The said land was sold on December 6, 1898, for the sum of $10.25 for the taxes of the year 1897. The amount required to redeem said land from said sale, exclusive of the costs to accrue upon this notice, is $50.52, and the time when the redemption period will expire is December 26, 1901. Prepared under my hand and official seal this 24th day of August, 1901. L. B. Niemyer, Auditor of Stutsman County, N. D. [Official Seal] First publication September 12, 1901."

It will be noticed that the three years from date of sale would expire December 6, 1901, instead of December 26th, the date named in notice as the date for expiration of redemption period. It also appears that the notice was dated August 24, 1901, so that the certificate must have been presented that date or earlier, and therefore "at least ninety days before expiration of the time for the redemption of the lands." The court say, in relation to the deed issued upon this notice: "The tax deed to Beck dated June 25, 1903, based on the tax sale of 1898 for the taxes of 1897 is void because there was not proper notice of expiration of redemption. The notice was issued more than 90 days before the expiration of the 3 years for redemption. The time to redeem, if the notice was properly served, was December 6, 1901. The notice stated that the time to redeem would expire December 26, 1901. The notice was therefore ineffective,

and the deed conveyed no title. State v. Nord, 73 Minn. 1, 75 N. W. 769, 72 Am. St. Rep. 594; Kipp v. Robinson, 75 Minn. 1, 77 N. W. 414."

It is unnecessary for us to consider the other ground urged by appellant.

The judgment of the trial court is reversed, and inasmuch as the views herein expressed determine absolutely the right of appellant to decree asked, towit, that he be decreed· to be owner in fee simple and entitled to possession, it is directed that the trial court enter up final judgment in favor of appellant decreeing him to be the owner of said land in fee simple, subject to the lien of defendants under their tax sale certificate; decreeing appellant entitled to possession; decreeing that respondent has a lien against said premises for amount paid on the tax sale, together with all interest and penalties provided by law up to termination of statutory period of redemption, and with 7 per cent. per annum since such date; decreeing the foreclosure of such lien by sale of the premises if the amount thereof be not paid within reasonable time to be fixed in such decree by the trial court.