## SANDYS v. ROBINSON et al.

Where, in a suit to foreclose a mortgage, defendant claimed ownership in the property, by reason of a tax certificate, plaintiff's objection to the admission in evidence of such certificate, that it was neither in statutory form nor substantially so, was not sufficient to bring to the court's attention the question of the errors in the certificate in that its date and the date of the tax sale were not correctly given, so as to permit the appellate court to consider such objection.

Under Pol. Code, § 1849, requiring that no proof of publication of any notice required by law shall be filed until an additional affidavit that the party is the correct one giving notice, and that there has been no division of fees, shall be annexed to it, where such affidavit has not been annexed to the proof of publication of notice of the maturity of a tax certificate, such certificate does not mature so as to pass the fee.

The repeal of Pol. Code, § 1849, by Laws 1903, c. 199, would simply make the filing of proof of publication of notice of maturity of the tax certificate operate as of the date when the repeal became effective, which, being after the maturity of the certificate, would not be a sufficient proof of publication of notice.

Evidence by plaintiff in mortgage foreclosure of his ownership by assignment of the notes and mortgage **held** sufficient, especially as against one not claiming through the original mortgage.

(Opinion filed October 12, 1910.)

Appeal from Circuit Court, Pennington County. Hon. LEVI McGEE, Judge.

Action to foreclose a mortgage by Lew W. Sandys against Lee Robinson and others. Judgment for defendants, and plaintiff appeals. Reversed.

*Charles W. Brown* and *Sutherland & Payne,* for appellant.

If an instrument purports to have been executed by a corporation, and the corporate seal is affixed, it will be presumed, in the absence of evidence to the contrary, that it is the proper seal of the corporation, and that it was affixed by the duly authorized officer or agent. Sec. 76, Marshall on Corporations. When the common seal of a corporation appears to be affixed to an instrument, and the signatures of the proper officers are proved, courts are to presume that the officers did not exceed their authority, and the seal itself is *prima facie* evidence that it was affixed by proper authority. Association v. Bustamente, 52 Cal. 192. Where an affidavit has not been annexed to the proof of publication of the notice of the maturity of a tax certificate showing that the party is the correct one giving notice and that there has been no division of fees, such certificate does not mature so as to pass the fee. Political Code, Sec. 1849.

*Schrader & Lewis* and *Lee Robinson,* for respondents.

Under the statute and by common law an inferior officer of a corporation such as treasurer, has no implied power to sell and endorse commercial paper such as a note and mortgage, but express power from the corporation to so act must be proved, and an assignment would be insufficient without proof of such authority. Bradley v. Warren, 127 Mass. 107; Holden v. Upton, 134 Mass. 177; Jackson v. Campbell, 5 Wend. 572.

WHITING, P. J. This action was brought by the plaintiff to foreclose a mortgage on certain real estate in Pennington county. The mortgage and note thereby secured were given by the then owner of the land. Plaintiff alleged that defendant Robinson had, or claimed, some interest in the premises, but that whatever interest was held by him was subject to plaintiff's mortgage interest. Defendant, answering, by way of counterclaim, alleged that he claimed title in fee under and by virtue of tax sale, under the "Scavenger" tax law, made subsequent to the date of plaintiff's mortgage, and defendant prayed that his title be quieted as against plaintiff's claim under his mortgage. The cause was tried to the court without a jury. Findings of fact and con-

clusions of law were entered in favor of defendant Robinson and decree entered thereon. Motion for new trial was denied, and plaintiff appealed to this court from the said decree and order denying a new trial.

The learned trial court found that plaintiff was not the owner of the note and mortgage sued upon, and several of appellant's assignments of error are based upon this branch of the case; but inasmuch as the ownership of the note and mortgage are immaterial, providing defendant acquired fee title, superior to any rights of the owner of such note and mortgage, through the tax proceedings, we will first consider such tax proceedings.

It appears beyond dispute that the taxes upon the land in question were delinquent for the year 1899 and several years prior thereto; that a tax certificate upon tax judgment sale under the so-called "Scavenger" tax law issued to one James R. Sharp, which certificate described the land in question, and which certificate was filed for record November 13, 1902. The court found that more than three years had elapsed since the recording of such certificate, and that the plaintiff was barred from questioning its validity by the statute of limitations. It is as grantee of Sharp that defendant Robinson claims, and his rights are based on such certificate. Appellant contends that the certificate upon sale is not in statutory form and therefore is void on its face, and in support thereof calls attention that the form of certificate required by statute gives date of certificate and date of sale, thus making, it is claimed, the correctness of these dates as given essential to validity of the certificate. The date of certificate is November 6th, and date of sale as named therein November 14th. The point thus made by appellant in his brief might have raised a serious question regarding the validity of such certificate providing such question had been timely raised. Respondent urges that the date "November 14th" is clearly a clerical error. We must conclude that a clerical error was made in one of these dates; but, no matter which date was error, the deed, corrected so as to give the correct date, would be valid on its face, as under the statute a valid sale can be held, under certain circumstances, after

the first Monday in November. We are, however, relieved from difficulty by the condition of the record herein. Appellant objected to the introduction in evidence of the certificate, and his objections were overruled. Such objections, however, did not raise any question as to the correctness of these dates; the objection now relied upon being "that the same is not in statutory form, nor substantially in statutory form." This objection was certainly insufficient to call the court's attention to any errors in date, and the certificate was in the precise form prescribed by statute. While appellant, in his assignments of error, claimed the evidence insufficient to support the finding made by the court that every step necessary to vest title in Sharp was taken by the proper officers, and sets forth in great detail and explicitly the things wherein he claims such proceedings were defective, there is no specification in any manner alluding to the discrepancy in these dates. This matter, never having been brought to the attention of the trial court by proper objection or assignment of error, cannot be considered by this court.

Appellant has raised several questions relating to the sufficiency of the proceedings leading up to the sale. It is not questioned, however, but what the land in question was subject to taxation, was assessed for taxes for the years included in such sale, and that the taxes remained unpaid at time of sale. This being true, and more than two years having elapsed since date of sale, under section 18 of the said "Scavenger" tax law, being chapter 51 of the Session Laws for 1901, no action lies to question its validity. Bandow v. Wolven, 23 S. D. 124, 120 N. W. 881; Cornelius v. Ferguson, 23 S. D. 187, 121 N. W. 91. It is true that in Bandow v. Wolven and in the numerous other cases supporting the rule laid down therein, which have been decided by this court, the court was construing the statute of limitation applying to ordinary tax deeds; but there can be no difference in principle. Flickinger v. Cornwell, 22 S. D. 382, 117 N. W. 1039.

The only other question to be considered is as to whether such certificate was ever matured so as to give holder fee title, or whether the holder thereof simply has a lien thereunder. This

depends upon whether proper notice of the maturity of certificate was given and filed in office of clerk of circuit court of Pennington county before certificate was recorded in the office of the register of deeds of such county. Appellant contends that no notice of the maturity of the certificate, or due proof thereof, was ever filed in the office of the clerk of the circuit court as required by the statute in question. In support of such contention, he calls attention to sections 1848 and 1849, Rev. Pol. Code, providing for affidavits of publication to contain statement regarding fees for publishing and affidavit of the party giving the notice, or his agent, regarding such notice and fees therefor. Section 1849, supra, among other things, provides: "No affidavit of publication shall in any case be filed or recorded until such additional affidavit shall be annexed thereto." The words "additional affidavit" refer to the affidavit of party giving notice or of his agent, and the evidence shows that no such affidavit was filed in the office of the clerk of circuit court. Under the express directions of such section, the clerk of courts was forbidden to file the proof of service of the notice of maturity of the certificate in the form in which such proof was presented; such notice must be treated as not filed, and, not being filed, the certificate has not matured. Respondent, however, calls attention to the repeal of section 1849 by chapter 199, Laws 1903. The effect of such repeal would at best be but to make the filing take effect as of the date when such law of 1903 went into effect, which was several months later than one year from date of tax sale, or, in other words, later than date for the maturity of such certificate, and would be of no effect. King v. Lane, 21 S. D. 101, 110 N. W. 37. The respondent therefore has a valid certificate, but one that has not ripened into a conveyance of title to the land. Respondent is also the holder of the original fee title to this land, but such title is subject to the rights of appellant, if any, under and by virtue of his mortgage. It therefore becomes necessary to determine whether or not appellant has any rights under such mortgage.

It appears that the owner of the fee title to this land gave a mortgage upon said land June 1, 1889, to secure a valid indebted-

ness; that this indebtedness remained unpaid at time of suit. The original mortgagee was Western Farm Mortgage Trust Company. The trial court found: "That on the 13th day of June, 1889, B. A. Ambler, treasurer of said Western Farm Mortgage Trust Company, pretending to act for said corporation, by an indorsement on the back of said note under the seal of said corporation made a pretended assignment of said note and mortgage to one Johnson L. Tillotson, who thereafter and before this action was commenced assigned and sold the said note and mortgage to the plaintiff, and that the plaintiff is now in possession of said note and mortgage and was at the time of the commencement of this action. That said B. A. Ambler at the time he made said assignment as the treasurer of said corporation had no authority from said corporation to sell, assign, or deliver the same to the said Tillotson." The court further found that the "plaintiff is not the owner of said note and mortgage and not entitled to the moneys due thereon." Appellant (plaintiff) assigns these findings as error, contending that the evidence conclusively established his ownership. Plaintiff was in possession of and produced the note, with coupons attached, and the mortgage, and then offered in evidence a purported assignment of such notes and mortgage, regular in form, but purported to be executed in the name of the corporation by one B. A. Ambler, treasurer, to the assignor of plaintiff, and which assignments were indorsed on the back of· said notes; the indorsement on the back of the principal note being dated June 13, 1889, and having thereon the purported seal of the Western Farm Mortgage Trust Company.

The said notes, with indorsements thereon, and the mortgage were received in evidence, and, if the same were sufficient to show transfer of notes and mortgage to plaintiff's assignor, there can be no question of plaintiff's rights, as he acquired all the interest of his assignor. The court found that Ambler was the treasurer of the corporation at the time he purported to assign the notes and mortgage, but that he had no authority to assign same This finding of no authority was not based upon any evidence whatsoever and amounts merely to a conclusion that there was no evi-

dence showing authority. A witness upon behalf of plaintiffs identified the signature of Ambler to the indorsements and testified that, in his business as abstractor, he had frequently received from the mortgage company and others mortgages running to this company, and that the assignments of practically all were in substantially the form of those in this case, and that Ambler's signatures thereon were accompanied with a seal similar to one attached to indorsement on back of principal note. Keeping in mind the fact that the court found that the seal attached to these instruments was the seal of the corporation, we have a case where the notes in question are produced by the party claiming to own same, where the indorsement thereof is shown to have been made by an officer who was accustomed to indorse such papers for the corporation, and where the seal of the corporation is attached to such indorsements. This was certainly ample proof of ownership, especially as against a third party who in no manner claims under such corporation. Upon the point that proof of custom of treasurer in indorsing note should be received to establish authority to so act, see Lester v. Webb, 1 Allen (Mass.) 34; Cook, Corporations (6th Ed.) p. 2303. That the seal of a corporation attached to a contract purporting to be executed in its name is prima facie evidence that the officer executing such contract was authorized so to do, see St. Louis, etc., v. Risley, 28 Mo. 415, 75 Am. Dec. 131; Berks, etc., v. Meyers, 6 Serg. & R. (Pa.) 12, 9 Am. Dec. 402; Wilson v. Neu, 1 Neb. (Unof.) 42, 95 N. W. 502, where signed by fourth vice president; Nelson v. Spence, 129 Ga. 35, 58 S. E. 697, where signed by treasurer; Cook, Corporations (6th Ed.) p. 2335, and citations in notes from nearly every state; 4 Thompson's Commentaries on the Law of Corporations, § 5105; 5 Decennial Dig. § 432 (4).

The appellant was entitled to a decree for the foreclosure of his mortgage subject to the superior lien of respondent Robinson under his certificate on tax judgment sale.

The judgment of the trial court and order denying a new trial are reversed.