COOPER, Respondent, v. HENRY et al., Appellants.

(141 N. W. 90.)

**1. Judgment—Opening—Implied Vacation of Default—Trial on Reopening—Record.**

Where, after a premature default judgment in an action to quiet title, a defendant served by publication and a party succeeding to the interests of another defendant similarly served, and who, after the judgment, was made a party, appeared and answered on merits, the issues were tried upon evidence received without objection based on the default judgment, and findings and judgment on merits against all defendants were had, **held,** there was an indirect and implied vacation of the default judgment, and the case should have been decided as if no such judgment had been rendered, although the court denied a motion by said defendants to be allowed to defend, notwithstanding such judgment.

**2. Parties—New Parties After Default Judgment—Right to Defend on Merits.**

Where, after default judgment in suit to quiet title, in which no notice of lis pendens was filed, a purchaser pendente lite from a defendant served by publication, was made a party and served with summons and complaint, she had a right to defend on merits, unrestricted by any prior proceedings, as if she had been an original party defendant.

**3. Judgment—Implied Opening of Default—Right to Defend on Merits.**

Under Code Civ. Proc., Sec. 112, concerning defenses after judgment by defendants served by publication, a defendant so served, and a purchaser pendente lite from another defendant so served had a right to appear and defend on merits an action to quiet title, after a default judgment was entered, although the court made no formal order vacating such judgment, and denied their motion to be allowed to defend notwithstanding the judgment; the judgment having been practically vacated by the trial under answers to merits and replies thereto.

Smith, J., dissenting.

(Opinion filed April 23, 1913.)

Appeal from Circuit Court, Pennington County. Hon. LEVI McGEE, Judge.

Action by O. L. Cooper against John B. Henry, Charles G. Juliand, and others. From a judgment for plaintiff on the merits, after a default judgment had been entered and not formally, but in effect, set aside, and from an order denying a new trial, the

defendants named appeal. Reversed, and remanded with directions.

*Brown & Burton,* for Appellants.

The court erred in overruling the objections of the answering defendants to the plaintiff's offer in evidence of the original judgment roll in this case. Clifford v. Hyde County, 24 S. D. 237: Abs. 86-105; 339-436; 526-527.

The original judgment by default was objected to by the defendants because taken upon an affidavit of default false upon its face, and before the time for answering had expired, and upon other good and sufficient grounds pointed out in our objections. (Abs. 88-105). This original default judgment was apparently used in making some of the findings, particularly the general finding No. 10 in favor of the plaintiff upon all the issues; but as it was vacated and set aside, and the answering defendants allowed to plead and defend for all purposes, by order of the court, it is not perceived how it could have been competent, relevant or material to any of the issues in this case, as actually tried. (Abs. 79-101).

*Buell, Gardner & Denu,* for Respondent.

The judgment rendered herein on the 25th of January, 1906, though prematurely entered, is not void and is not subject to collateral attack, and appellants are precluded thereby. Kerr v. Murphy, 19 S. D. 184; Calhoun v. Bryant, (S. D.) 133 N. W. 266; Blackman v. Mulhall, 19 S. D. 534; Black on Judgments, Sec. 224; Ballinger v. Tarbell, 16 Iowa, 491; Leonard v. Sparks, 117 Mo. 103; Hammond v. Wilder, 25 Vt. 343.

The appellant Henry, having purchased his interest in the property after the commencement of the action and with knowledge of its pendency, is bound by the default judgment entered against his grantor. Judd v. Patton, 13 S. D. 648; 23 Cyc. 1257; 21 Am. Eng. Enc. of Law, 595-596.

WHITING, P. J. Plaintiff, the owner and holder of two tax sale certificates issued upon judgment and sale had under and by virtue of chapter 51, Laws 1901, known as the "Scavenger Tax Law," claiming that his title had become perfected through the expiration of the period for redemption, brought this action to quiet his title in and to the land covered by such certificate. Among the parties made defendants in said action were Emmett

L. Beatty and Charles G. Juliand, the owners of the fee title to said land, unless their title had been cut off by the certificates held by plaintiff. These defendants being nonresidents, an order for publication of summons was procured; the summons was published; and immediately after the last publication of summons, and long before the expiration of the 30-day period that must elapse after the completed service before defendants can be in default, plaintiff applied to the court for and procured a default judgment herein against all of the defendants. No notice of lis pendens was filed at the time of the commencement of the action. Soon after the commencement of such action and before the default judgment was entered therein the defendant Emmet L. Beatty conveyed his interest in and to said land to one Sarah J. Henry. Several months after the entry of the default judgment, plaintiff asked for and procured an order allowing an amendment of the summons and complaint by adding as a party defendant the said Sarah J. Henry. Such amended summons and complaint were served upon the said Sarah J. Henry. As amended, the complaint in no manner referred to the judgment that had been rendered in such action. Defendants Henry and Juliand thereafter served and filed answers therein, claiming to hold fee-simple title in and to said land. Service of these answers was admitted by plaintiff. To such answers the plaintiff replied and pleaded the default judgment in bar of any claim by defendants. Upon the issues so raised, the cause was tried to the court without a jury; findings of fact and conclusions of law were entered in favor of the plaintiff; and, upon such findings and conclusions, judgment entered. A motion for a new trial having been denied, the two defendants, Henry and Juliand, appealed from the judgment and order denying a new trial. After the taking of such appeal, John B. Henry having acquired whatever interest Sarah J. Henry had in and to the lands in question, he was, by proper order, substituted as a party in the place of said Sarah J. Henry.

Among the points raised by appellants and saved by proper assignments of error was the question of the sufficiency of the notice of expiration of the period for redemption from the certificates held by plaintiff and of the proof of service of such notice. It will be unnecessary for us to discuss the defects in such notice and proof of service, inasmuch as the said proof of service comes

directly under the rulings of this court in the case of Sandys v. Robinson et al., 26 S. D. 281, 128 N. W. 484, and such proof is, for the reasons therein stated, fatally defective. Respondent, in his brief, does not attempt to sustain the validity of the tax title, but relies wholly upon the proposition that appellants "are precluded by the default judgment entered herein from assailing these [tax sale] proceedings."

[1] It appears that, after the answers and replies had been served, these appellants, the only answering defendants, gave notice of a motion asking for the vacation of the default judgment. This motion does not appear to have been brought on for hearing before the trial. Upon the trial, the plaintiff, to maintain his cause of action, put in evidence the certificates of sale, proof of service of expiration of period for redemption, filing of such proof, and recording of certificates of sale in office of register of deeds. Plaintiff then offered in evidence, over defendants' objections, the judgment roll upon the default judgment hereinbefore mentioned. The record then states: "Objections overruled pro forma, to which ruling said answering defendants duly execpted." These defendants then jointly moved the court to be allowed to defend, notwithstanding the said judgment, basing their motion upon the provisions of section 112, Code of Civil Procedure, which provides that: "Except in an action for divorce, the defendant against whom publication is ordered, or his representatives, may, in like manner, upon good cause shown, be allowed to defend after judgment or at any time within one year after notice thereof, and within seven years after its rendition, on such terms as may be just." The record from the trial court as it was originally settled and came to this court showed that this motion was granted, and it appears that defendants were allowed to and did offer proof attacking plaintiff's alleged title; and, while such proof was objected to, no objection that was interposed was based upon such default judgment or in any manner urged that the default judgment was res adjudicata as to defendants' rights. Such was the condition of the record when appellants filed their abstract and brief in this court. In such brief neither the default judgment nor the effect thereof was in any manner discussed; appellants assigning and discussing only those alleged errors touching the validity of respondent's tax title, the only thing which, according

to the record, was litigated below. After the filing of such abstract and brief, respondent procured an order sending the record back to the trial court for correction, and the learned judge who presided at the trial altered such record so that it shows the motion denied and exception taken to such ruling. The specifications of errors attached to the settled record from the trial court conformed to the record as originally settled, and therefore made no reference to the ruling upon the motion to be allowed to defend. Upon such record, and apparently relying upon such specifications, appellants moved for a new trial. This motion was denied. As the record then stood, the order denying a new trial was clearly error, as under such record it appeared that appellants had been allowed to answer and defend, and respondent's own evidence showed, as hereinbefore noted, that he had never acquired title under his tax certificates.

The settled record and the abstract were changed prior to the filing of respondent's brief. Such brief ignores the question of the validity of respondent's tax title and bases respondent's cause upon the sole proposition that the default judgment stands as res adjudicata.

These facts stand forth undisputed herein: The trial court recognized the answers interposed by the defendants' Henry and Juliand; it admitted proof in support of the issues raised by the complaint and such answers; it made findings upon all such issues against all of the defendants; and it entered an entirely new judgment against each and every one of the defendants named in the original judgment, as well as against Sarah J. Henry, which judgment recites the action was tried as against Sarah J. Henry "upon the issues joined by the amended complaint and the answer of the defendant Sarah J. Henry." From the above we think that, regardless of the ruling entered denying the motion of the defendants Henry and Juliand, asking that the trial court allow them to answer and defend, it clearly appears that the trial court treated the default judgment as no bar to a defense on the part of defendant Henry. Did not the court, by the course it pursued, virtually open up the default judgment as against both these defendants? There can be no question but what a refusal to allow these defendants to defend upon the merits would have been a rank abuse of judicial discretion under the undisputed facts of this case.

[2] We are of the opinion that, when plaintiff amended the summons and complaint and brought Sarah J. Henry into the case as a defendant, said Henry came in with the full right to defend upon the merits, unrestricted by any of the proceedings which had taken place prior to her being so brought in; she came into the case with the same right to defend on the merits as if she had been an original party to the action. It was not within the power of the plaintiff to bring this party into the case as a defendant to defend her rights, and then, after she had appeared and answered to the merits, virtually say to her: "Although I brought you in here and have acquired jurisdiction over you, still you shall not be permitted to defendan your rights on the merits. I have got you cut off and shut out by the prior default judgment against Beatty, to whose interest in the subject of litigation you have succeeded." Supposing Beatty had been brought into the case by a reservice of the summons and complaint upon him, could it be said that he could not answer and defend on the merits?

[3] As we view this case, the legal status of the defendant Charles G. Juliand stands on precisely the same ground as that of the defendant Henry or Beatty. It appears from the record that Beatty and Juliand were served with process, if at all, only by publication. Under the provisions of section 112, supra, these two defendants had the absolute right to come in and defend on the merits of the action on good cause shown. Gray v. Lawlor, 151 Cal. 352, 90 Pac. 691, 12 Ann. Cas. 990, and note. That they showed such good cause cannot be questioned. The court made no formal order opening the default judgment and permitting them to defend; in fact, it made a ruling refusing so to do. But the facts remain that the defendant Sarah J. Henry, as the successor in interest of defendant Beatty, and the defendant Juliand, both voluntarily, after the entry of the default judgment, interposed answers in the case on the merits; that both were permitted to so answer by plaintiff and by the court without objection of any kind; that plaintiff made reply to both said answers; that, after making the ruling above referred to, the court tried out, on the merits under the said answers, the issues thus and thereby presented, receiving evidence offered on behalf of both the defendants, no claim being made that either of them was barred of the right to offer evidence owing to such default judgment; that the court made find-

ings and rendered judgment on the merits against both these defendants; and that all this was done without a formal order vacating the default judgment. Under these circumstances, we are of the opinion that there was an indirect and implied vacation of said default judgment as to said defendants, and one that cannot now be questioned by respondent. A judgment may be practically vacated, although not in terms set aside, by the taking of subsequent proceedings in the action, inconsistent with the judgment continuing in force. 23 Cyc. 948; Watson v. Harris, 65 Tex. 61; Thomas v. McGuinness, 94 Ill. App. 248; 6 Ency. Pl. & Pr. 160. Rendering a new judgment upon the merits against the same parties in the same action has the effect of vacating the former judgment, without formal order. 15 Ency. Pl. & Pr. 293.

The case of Watson v. Harris, supra, is very similar to the case at bar in many respects, and in that case the court said: "It is apparent from this statement of the case, that while no formal order appears to have been entered setting aside the judgment by default, either as to Carr or Watson, they were each allowed to plead to the action. Not only so, but they were allowed to introduce testimony to defeat plaintiff's recovery. They were as much before the court upon the hearing of the cause as any of the other defendants; as much so, in fact, as if the court had formally set aside the default and allowed them to plead and introduce evidence. * * * A defendant against whom a judgment by default stands has no right to plead in the cause or to introduce evidence to defeat the plaintiff's action."

In the case at bar both defendants Henry and Juliand were permitted, without objection by court or plaintiff, to plead to the merits of the action. They were permitted to introduce testimony tending to defeat plaintiff's tax title. The court, in its findings, passed upon the issues raised by their answers and considered the evidence introduced by them to defeat plaintiff's claim of title; in fact, the court made no direct findings of fact upon anything other than the issues so raised by the answers of these two defendants, which issues covered the merits herein. The court and plaintiff, without objection, permitted these defendants to do the very things they could have done had the court made a formal order vacating said default judgment, and the things they could not have properly done without a vacation of such judgment. The court treated

the proceedings in the case, with reference to the trial of the rights of these defendants, under their said answers, just the same in all respects as if the default judgment had in fact been set aside by formal order; these defendants had no right to plead or offer testimony as to plaintiff's tax title while the default judgment existed. There was an indirect vacation of said default judgment, such as precludes said judgment from being considered against the answering defendants as barring or cutting off their right to be heard upon the merits. The question of res judicata is therefore not in this case. This case should therefore be decided upon the merits as to the sufficiency of the evidence to sustain plaintiff's tax title; that being the only question brought by appellants before this court for review.

The judgment and order appealed from are reversed, and the trial court is directed to proceed in accordance with the views announced herein.

SMITH, J., dissenting.