McKINNON, Respondent, v. FULLER et al., Appellants.

(146 N. W. 910.)

**1.    Taxation—"Scavenger" Judgment Tax Deed—Sale Certificate—Action to Set Aside—Limitations.**

The owner of land subject to, and assessed for, taxation, and sold for delinquent taxes, under Laws 1901, Ch. 51, known as the Scavenger Sales Act, is barred, by Sec. 8 thereof, after two years from date of sale and certificate, from questioning the validity of the sale certificate, for alleged irregularities in the tax judgment, and sale, prior to issuance of certificate.

2. **Evidence—Tax Judgment Sales—Notice of Maturity of Tax Certificate—Clerk's Certificate.**

Where there is no statutory authority for making of a record or certificate by a public officer, a record or certificate made by such officer is incompetent as evidence of the facts recited in the certificate; and **held,** that a certificate of the clerk of circuit court, reciting that proof of due and legal service of notice of maturity "of the written certificate" had been filed in his office in accordance with provisions of Sec. 15, Ch. 51, Laws 1901, is not authorized by law, and is incompetent to prove filing of the additional or "ex rel." affidavit of giving of notice, required by Sec. 1849, Pol. Code. **Held,** further, that such certificate does not recite the filing of an affidavit of publication.

3. **Appeal—Error—Evidence—Disregard of Incompetent Evidence—Presumption.**

On trial to the court, it will be presumed on appeal that the court disregarded incompetent evidence, and based its findings upon competent evidence, unless it affirmatively appears that no competent evidence sustaining the finding was received.

4. **Same—Sufficiency of Evidence—Review—Presumption, Evidence to Overcome.**

To overcome the presumption that findings of trial court are sustained by sufficient and competent evidence, a preponderance of evidence against the findings must appear from the appeal record.

5. **Taxation—Tax Deed—Suit to Set Aside—Limitations, Acts Barred by.**

Pol. Code, Sec. 2214, requiring actions by owners of land sold for delinquent taxes, to avoid tax deed, to be brought within three years after recording of deed, relates to every act required on the part of the taxing officers, and of the holder of the sale certificate, which precedes execution of deed, and no action is maintainable which is founded on any omission or irregularities in performance of such acts, unless brought within the statutory time.

6. **"Scavenger" Tax Sale—Limitations, Bars What Matters—"Sale."**

Sec. 18, Laws 1901, Ch. 51, prohibiting the calling in question of "the validity of any sale" unless suit is begun within two years from date of sale, **held,** that only matters affecting the validity of the tax sale are barred thereby. **Held,** further, that the word "sale" in said section, wherein it declares that the "sale" shall be deemed completed when certificate has been issued by treasurer, refers to the tax sale as such, and does not extend or refer to the passing of title to the land under the certificate of sale; this being its

effect when considered in connection with Sec. 15, which provides that if redemption is not made within one year the certificate shall pass to purchaser "the estate therein expressed," provided that "fee simple ` * ` *   shall not vest" until the notice therein provided for is given and due proof thereof filed with the circuit clerk.

7.   **"Scavenger" Sale Certificate—Occupancy By Holder—Use, Liability for.**

A "Scavenger Tax" sale certificate holder in possession, who has not perfected title by giving and filing notice of maturity of the certificate, is merely a lienholder in possession with right to foreclose, notwithstanding Sec. 21, Laws 1901, Ch. 51, confers upon such holder after redemption has expired, the right of possession; and the land owner, in redeeming from such sale, is entitled to an allowance for use and occupancy of premises by certificate holder.

8.   **"Scavenger Tax" Lien, Setting Aside of—Interest Payments, Rate of.**

A "Scavenger Tax" certificate holder in possession is entitled, under Laws 1901, Ch. 51, to recover from owner seeking to recover the land, the amount paid on tax sale, with statutory interest and penalty to end of period of redemption, and 7 per cent interest thereafter.

9.   **"Scavenger" Tax Lien—Suit to Set Aside—Issues—Tender of Redemption Money—Equity Powers of Court.**

A suit to quiet title, brought by owner of land sold under Laws 1901, Ch. 51, is not an action to redeem, but to adjudicate adverse claims against plaintiff's rights as owner; and where defendants by answer asserted rights as fee owners through tax sale proceedings, plaintiff could maintain the action without first paying or tendering the amount necessary to redeem from tax sale.

10.   **"Scavenger" Tax Lien—Suit to Set Aside—Quieting Title—Equity Powers of Court—Terms of Decree.**

The court, in a suit by land owner to quiet title against holder of a "Scavenger" tax lienholder who has not perfected title, may prescribe terms on which it will grant relief, and may require owner to pay into court the amount of taxes paid by defendant, with penalty and interest, less value of use and occupancy by defendant, and award plaintiff, on making such payments, a final decree quieting title, and vesting in lienholder, in case of default in such payments, all of plaintiff's title and estate in the land, and forever barring plaintiff from claiming, etc., as against defendants.

(Opinion filed April 20, 1914. Rehearing pending.)

Appeal from Circuit Court, Potter County. Hon. JOSEPH H. BOTTUM, Judge.

Action by Archie D. McKinnon, administrator of Allen L. McKinnon, deceased, against George W. Fuller and another, to quiet title. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Modified and affirmed.

*D. J. O'Keefe, A. C. Ackers,* and *M. Moriarty,* for Appellants.

The court erred in making any finding of fact or conclusion of law to the effect that the scavenger tax judgment was invalid.

The judgment and sale must be treated as valid, because this action was not begun until about nine years after the date of the sale. Section 18, Chapter 51 of Laws of 1901; Section 5 of Chapter 51, Laws of 1901; Flickinger v. Cornwell, 117 N. W. 1039.

The regularity of official acts is presumed, and this clerk's certificate establishes the fact that the proof of publication of the notice of maturity was regular and complete when filed. As the law provided that an ex rel affidavit should be attached, this certificate establishes, prima facie at least, the fact that an ex rel affidavit was filed.

There is no evidence that there was not an ex rel exhibit attached when this exhibit was filed. The decision in Sandys v. Robinson, (S. D.), 128 N. W. 484, seems to depend entirely upon the wording of Section 1849, Pol. Code, taken in connection with Section 15, scavenger tax law.

This court holds that, under Sec. 2212, Pol. Code, the right of redemption has expired, and the deed becomes absolute regardless of whether notice was given or not,—because an action is barred by the three years' statute limitation. Bandow v. Wolven, 20 S. D. 445; Moran v. Thomas, S. D. 469; Cornelius v. Ferguson, 121 N. W. 91.

The apparent conflict in these decisions with the rule laid down in Sandys v. Robinson seems to arise from the very limited sense in which the court construes the word sale in this last mentioned decision.

The legislature did not intend the statute to limit attacks on the sale itself to two years, and leave all other proceedings for perfecting the title without statutory protection:

The allowance of $200 to plaintiffs for the use and occupancy of the land in controversy can not legally be made. Sec. 21, Ch. 51, Laws 1901.

In this provision there is no condition as to notice of maturity. It should be treated as a right independent of the maturity of the certificate, as the statute makes the properly matured certificate fee simple title, and the right of possession would be inherent in that without further statutory provision.

Defendant Fuller had the legal right to possession, and any allowance for the use and occupancy is contrary to law.

The allowance of interest should be 2 per cent per month and 10 per cent penalty for the first year and 7 per cent thereafter.

. Appellants are entitled to a modification of the judgment and to costs on this appeal on this question alone, even if this court should hold with respondent on all other contentions. Archer v. Sheep Co., 126 N. W. 577.

As the defendant Fuller holds a valid certificate of sale, respondent could not properly maintain an action to quiet title until he had first paid or tendered the amount necessary to redeem, the real gist of the proper action being that the right to redeem had not been terminated and that legal redemption had been made by tender of an amount sufficient to redeem. Gibson v. Pekarek, 131 N. W. 728.

No appearance on behalf of Respondent.

SMITH, P. J. One Allen L. McKinnon, during his lifetime and until his death, was the owner in fee, of a quarter section of land, in Potter county. In the month of October, 1893, he died intestate, in the state of Washington, leaving the quarter section of land in Potter county, as a part of his estate. On the 22nd of October, 1910, Archie D. McKinnon, plaintiff, was appointed administrator of the estate of the deceased, by the county court of Potter county, and brings this action as such administrator. At the time this action to quiet title was brought, the plaintiff and one J. C. McKinnon, his brother, were sole surviving heirs of the deceased. Later, the plaintiff purchased his brother's interest, and now is the sole claimant of said land.

Defendants by their answer, admit claim to the land, and allege title in themselves, through a county treasurer's certificate of tax judgment sale, issued by the county treasurer of Potter county, at the Scavenger Tax Sale on November 6, 1901, to one Ellis, through whom and his grantees, defendants claim fee simple title. The trial court made findings of fact, conclusions of law and decree in plaintiff's favor, and defendants appeal.

Appellant's assignments of error are grouped under five heads. First: Irregularities in the proceedings and judgment under which the Scavenger Tax Sale was made; Second: Invalidity of the Scavenger Tax certificate as conferring title because of the failure of the certificate holder to serve and file proper affidavit of service of notice of maturity; Third: The allowance of damages for use and occupancy of the land; Fourth: As to the amount allowed defendants under their tax lien; Fifth: As to the right of plaintiff to maintain an action to quiet title without first making an offer to redeem, and a sufficient tender.

[1] We shall consider these matters in the order named. The plaintiff alleged and the court found various irregularities in the tax proceedings and judgment prior to the issuance of the tax sale certificate. Section 18 of the Scavenger Sales Act, however, declares that : "The validity of any sale shall not be called into question unless the action * * * shall be brought * * * within two years from the date of sale." It is not disputed in this case, that the land was subject to taxation, was assessed for taxes for the years included in the sale, and that more than two years elapsed after the date of the sale and certificate, before the beginning of this action. Under the decision in Sandys v. Robinson et al., 26 S. D. 281, 128 N. W. 484; respondent is barred by the statute from questioning the validity of appellant's sale certificate, and the alleged irregularities in the tax judgment and sale require no further consideration. The findings of the trial court as to such irregularities must be held to be immaterial, and cannot be considered for the purpose of sustaining respondent's judgment.

[2] The questions presented under the second group of assignments are plainly relied on by appellants as grounds of reversal. The trial court found that there never was filed in the office of the clerk of the circuit court of Potter county, any notice of the ma-

turity of the tax sale certificate; that there is on file in said office a paper entitled "Affidavit of Publication," to the face of which there is pasted a newspaper clipping purporting to be such a notice, but that no additional affidavit required by section 1849 of the Political Code, was attached to the so-called Affidavit of Publication. Appellant apparently, is attempting to question the sufficiency of the evidence to sustain these findings. He refers to a certain page of the record containing an exhibit as follows: "Certificate of Proof of Service. I, Harry Bollinger, Clerk of the Circuit Court within and for the county of Potter, and state of South Dakota, do hereby certify that proof of due and legal service of Notice of Maturity of the written Certificate has been filed in my office in accordance with the provisions of section 15, chapter 51, Laws 1901. Witness my hand and seal of said court, this 5th day of November, 1902. Harry Bollinger, Clerk of Circuit Court." Appellant contends that this certificate establishes the fact of the filing of *proof of publication* of the notice of maturity of the Tax Sale Certificate, in the office of the clerk of the Circuit court, and that the presumption of regularity of official acts is sufficient to show that the ex rel. affidavit was attached to the affidavit of publication when the same was filed in the clerk's office. Appellant further contends that there is no evidence that an ex rel. affidavit was not attached to the affidavit of publication when the same was filed. Upon these grounds alone, it is urged that the finding of the trial court, that the additional affidavit required by section 1849 of the Political Code, was not attached to the affidavit of publication, is not sustained by the evidence. The printed record before us does not purport to contain any of the evidence except the alleged certificate of the clerk of the circuit court, and appellant relies wholly upon the recitals therein, and the presumption of regularity of official acts, to reverse the finding of the trial court. The law does not authorize nor direct the clerk to make a record of the matters recited in this so-called certificate, nor does it require the making or filing of any such certificate. Where there is no statutory authority for the making of a record or certificate by a public officer, a record or certificate of an officer is incompetent and inadmissable as evidence. Davis v. Davis, 24 S. D. 474, 124 N. W. 715; State v. Flagstad, 25 S. D. 337, 126 N. W. 585; Murray v. Johnson, 28 S. D. 571, 134 N. W.

206. The certificate of the clerk of the circuit court was therefore incompetent to prove the fact of filing of the affidavit of publication and therefore would not sustain the ·inference drawn from its recitals.

[3] It will also be observed that the certificate itself, does not recite the *filing of an affidavit of publication.*

The recital is, in substance, that proof of "due and legal service of notice of publication of the written certificate has been filed in my office in accordance with the provisions of section 15, Chap. 51, Laws of 1901." What the clerk considered "proof of due and legal service," is not stated. The purported certificate is wholly incompetent as an instrument of evidence. The record being silent, we may however assume ,that the instrument was received in evidence without objection on the part of respondent. But when the trial is to the court, as in this case, it will be presumed that the court disregarded incompetent evidence, and based its finding upon competent evidence, unless it be made affirmatively to appear that no competent evidence was received which could sustain the finding. Mead v. Mellette, 18 S. D. 523, 101 N. W. 355; Bowdle v. Jencks, 18 S. D. 80, 90 N. W. 98; Easton v. Cranmer, 19 S. D. 224, 102 N. W. 944; Merager v. Madson, 19 S. D. 400, 103 N. W. 650; Re McClellan, 20 S. D. 498, 107 N. W. 681.

[4] The printed record before us does not purport to contain all the evidence, or to show affirmatively that there was no competent evidence to sustain the findings of the court. The findings of the trial court are presumed to be correct and to be sustained by sufficient and competent evidence. Crouch v. Dak. W. & M. R. Co., 18 S. D. 540, 101 N. W. 722; Custer County Bank v. Custer County, 18 S. D. 274, 100 N. W. 424.

A preponderance of evidence against the trial court's findings must be made to appear from the record presented on appeal, to overcome the presumption that the facts found are fully justified. Clark v. Conners, 18 S. D. 600, 101 N. W. 298. The findings of the trial court that no ex rel affidavit was attached to and filed with the affidavit of publication, we think must be sustained.

[5-6] In Sandys v. Robinson, 25 S. D. 281, 128 N. W. 484, this court held that the filing of an affidavit of publication of notice of maturity of a tax sale certificate issued upon a Scavenger Tax

Sale, without attaching thereto and filing therewith, the ex rel affidavit as to fees for publication required by Sec. 1849, Rev. Pol. Code, renders such notice ineffective and void and does not divest the fee simple title of the owner of the land. Appellant concedes that if this ruling be adhered to, appellants' title must be defeated. It is suggested that this decision is in conflict with the rule announced by this court in Bandow v. Wolven, 20 S. D. 445, 107 N. W. 204; and Moran v. Thomas, 19 S. D. 469, 104 N. W. 212; wherein it was held that a tax deed not void on its face and of record for three years bars an action to recover title or possession, unless it be shown aliunde the deed that the premises were not within the taxing district, were not assessed or taxed; that the taxes had been paid or the property redeemed from sale before issuance of the tax deed, and that evidence of irregularities in assessment or in tax sale proceedings is inadmisisable to impeach the deed. The language of the special statute of limitations construed in those cases is as follows: "No action shall be commenced by the former owner or owners of lands or by any person claiming under him or them to recover possession of land which has been sold and conveyed by deed for non-payment of taxes or to avoid such deed unless such action shall be commenced within three years after the recording of such deed. * * * (Rev. Pol. Code. §2214.) In the Scavenger Act (§18) the language of the special limitation is as follows: "And the validity of any sale shall not be called into question unless the action * * * shall be brought * * * within two years from the date of the sale." Appellants' counsel suggests that the rule announced in Sandys v. Robinson arises because of the too limited sense in which the court construed the word "sale," as used in §18, supra. A careful reading of the former statute discloses that the bar of the statute covers every act required on the part of taxing officers and of the holder of the certificate, which *precedes the execution of the tax deed,* and that no action can be maintained which is founded on any omissions or irregularities in the performance of such precedent acts. Under this statute, all matters affecting the validity of the deed, and prior to its execution, are barred by the statute. Under the Scavenger Statute, only matters which affect the validity of the "tax sale" are barred by the statute.

Appellants urge, however, that section 18 should be con-

strued as declaring that "the validity of the tax sale certificate as a transfer of title and ownership" cannot be called in question unless the action is brought within two years. Section 18 of the act says: "A sale shall be deemed completed within the provisions of this act when the certificate thereof has been issued by the treasurer." Certainly this language does not mean that the treasurer's act of selling the land is to be deemed a completed transfer of title and ownership, because section 15 declares that: "The fee simple of any piece or parcel or lot of land named in any certificate shall not vest in the holder thereof, until the notice provided for herein is given and due proof thereof filed with the clerk of the circuit court." Section 15 provides that in case the land shall not be redeemed within one year, the certificate shall pass to the purchaser "the estate therein expressed" without any other act or deed whatever, and may be recorded as deeds of real estate, after one year and *after* the proof of notice of expiration and maturity of the certificate has been filed with the clerk of the circuit court, "*provided*, however, that  *  *  *  the fee simple shall not vest  *  *  *  until the notice provided for herein is given and due proof thereof, filed with the clerk of the circuit court." Plainly, until this *proviso* is complied with, the transfer of title cannot be deemed "completed," though section 18 does declare that the "sale" shall be deemed completed when the certificate has been issued by the treasurer. We therefore are of opinion that the word "sale" refers to the tax sale as such, and does not extend or refer to the passing of title, which is dependent on the act of the certificate holder in giving and filing the notice required. In this case therefore, the statute bars any attack on the tax sale itself, except upon the grounds hereinbefore referred to, none of which are asserted here, and appellant's tax sale certificate evidences a valid tax lien, though it does not vest fee simple title in him. Sandys v. Robinson, supra.

[7] Appellant Fuller assigns as error the allowance to plaintiff, of $200 on account of use and occupancy of the land. Section 21 of the Scavenger Act provides: "When any piece or parcel or lot of land shall be so sold the purchaser, after the time for redemption shall have expired, shall be entitled to the immediate possession of the piece or parcel purchased by him; and if, on demand and presentation of the certificate of sale, the person in

possession of the piece or parcel refuses or neglects to deliver such possession, such person may be proceeded against as a person holding over after the termination of his estate, which proceedings may be instituted and prosecuted as prescribed by law." Appellant Fuller's contention is that under this section, the certificate holder may take possession immediately upon the expiration of the year of redemption whether or not he has served and filed the notice of maturity which would convert the tax lien into a fee simple title. And being thus lawfully entitled to possession, appellant contends that he should not be charged for the use and occupancy of the land. Assuming, without deciding that appellant may be entitled to possession under the certificate of tax sale, yet unless he has perfected a title by the required notice, he is merely a lien holder in possession, with a right to foreclose his lien. Archer v. Tubbs Sheep Co. 25 S. D. 399, 126 N. W. 577, supra. In order to redeem from a foreclosure of the lien respondent would be required to pay the amount of all taxes paid by appellant, together with interest and the penalty named in the statute, and we are inclined to the view that the Legislature did not intend by section 21 to permit the lienholder to add to the high interest rate and the heavy penalty provided by the statute, the value of the use and occupancy of the land, and thus further enhance the profits of his investment.

[8] The trial court allowed appellant the amount of taxes paid with interest at 7 per cent. from the date of the sale. This interest rate has been held proper in any case where the tax sale is void. Salmer v. Lathrop, 10 S. D. 218, 72 N. W. 570; Cornelius v. Ferguson, 16 S. D. 113, 91 N. W. 460.

But in the case before us the statute has barred any attack on the validity of the sale or tax lien, and the case falls within the rule announced in Archer v. Tubbs Sheep Co., supra, where it was held, construing the Scavenger Act, that the tax certificate holder was entitled to recover the amount paid on the tax sale, with the interest and penalty provided in the statute, to the end of the period of redemption, and 7 per cent. interest thereafter. In this respect, the judgment of the trial court was erroneous, and should be modified to conform to the rule announced in the Archer case.

[9] Appellant's final contention is that this action should be

viewed as one to redeem from the tax sale, and that respondent may not maintain such an action until he has first paid or tendered the amount necessary to redeem. The action is not an action to redeem, but to adjudicate adverse claims against plaintiff's alleged rights as owner. Neither plaintiff nor defendants have treated the action as one involving the right of redemption. Defendants by their answer asserted *rights as owners of the fee* through tax sale proceedings. But they have shown themselves to be owners of a valid tax lien and nothing more. In the exercise of its equity powers a court may prescribe equitable terms upon which it will grant relief.

[10] Under the conditions disclosed in this case, we think the trial court should modify its judgment, by entering an interlocutory decree or order, requiring plaintiff to pay into court, for the use of defendant, the amount of taxes paid with penalty, and interest as above indicated, less the value of the use and occupancy as found by the trial court, within 60 days from service of a copy of such order upon him, and directing that upon such payment being made, plaintiff be awarded a final decree quieting his title against appellants and awarding him immediate possession of the premises. The interlocutory decree may further provide that if plaintiff fails to pay the amount above required, within 60 days, appellants wi'l be awarded foreclosure of the tax lien for the amount due thereon, less damages for use and occupancy of the land, and unless respondent redeem from such foreclosure sale within one year from the date of sale, a sheriff's deed may issue, which shall vest in appellants, all respondent's right, title and estate in the land, and thereupon plaintiff shall be forever barred and estopped from claiming any title or interest therein, as against appellants.

The trial court will modify its judgment and decree, in accordance with the views herein expressed, and as thus modified, the judgment is affirmed. No costs for printing briefs to be taxed by either party.